**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**
Apr 29 2014, 10:50 am
**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ALAN L. WHITTED**
Whitted Law, LLC
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARK D. WEBB, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  03A01-1308-CR-349 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BARTHOLEMEW SUPERIOR COURT
The Honorable Kathleen T. Coriden, Judge
Cause No. 03D02-1301-CM-636

**April 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Mark Webb ("Webb") appeals his conviction, after a bench trial, for Class A misdemeanor domestic battery.[1]

We affirm.

ISSUE

Whether sufficient evidence supports Webb's conviction.

FACTS

On January 12, 2013, Webb and his wife, Linda Webb ("Linda") were drinking alcohol in their home. As the evening progressed, Webb and Linda began to argue and throw dishes on their kitchen floor. Linda then attacked Webb by pulling his hair. Webb was able to get away from Linda and go to a bedroom. Linda followed Webb to the bedroom, climbed on top of him, and pulled his hair again.

Webb testified that he specifically warned Linda that if she continued to pull his hair he was "going to have to defend himself." (Tr. 43). Linda continued to pull Webb's hair. Webb responded by punching Linda in the face twice, giving her a black and swollen eye. Linda left the bedroom and called the police. Officers with the Bartholomew County Sheriff's Department responded and arrested Webb.

On January 24, 2013, the State charged Webb with domestic battery, a Class A misdemeanor. The trial court held a bench trial on June 19, 2013. At trial, Webb argued that he was not guilty because he was entitled to defend himself against Linda's attack.

---

[1] Ind. Code § 35-42-2-1.3(a)(1).

The State argued that the amount of force Webb used was unreasonable in light of the force he faced from Linda. After hearing the evidence, the trial court found Webb guilty.

The trial court conducted a sentencing hearing on July 17, 2013 and sentenced Webb to three hundred sixty-five (365) days probation. Webb now appeals.

DECISION

Webb argues that there is insufficient evidence to support his conviction for domestic battery. Specifically, Webb claims that he presented a valid claim of self-defense that the State failed to rebut beyond a reasonable doubt.

We review a challenge to the sufficiency of evidence to rebut a claim of self-defense in the same manner as any sufficiency claim in that we neither reweigh the evidence nor judge the credibility of witnesses. *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002). We will not overturn a conviction if there is sufficient evidence of probative value to support the conclusion of the trier-of-fact. *Id*. "A valid claim of self-defense of oneself or another person is legal justification for an act that is otherwise defined as criminal." *Id*. at 801. To present a valid claim of self-defense, a defendant must show that he: (1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *Wilson*, 770 N.E.2d at 800. The amount of force that an individual may use to protect himself must be proportionate to the urgency of the situation. *Hollowell v. State*, 707 N.E.2d 1014, 1021 (Ind. Ct. App. 1999). When a person uses more force than is reasonably necessary under the circumstances, the right of self-defense is extinguished. *Id*. A defendant's conviction, despite a claim of self-defense, will not be reversed unless

3

no reasonable person can say that the State negated the claim beyond a reasonable doubt. *Mariscal v. State*, 687 N.E.2d 378, 381 (Ind. Ct. App. 1997), *trans. denied*.

Here, the State relied on its case-in-chief to rebut Webb's claim of self-defense. In finding Webb guilty, the trial court stated that it found that the force Webb used and the injuries that he caused were not reasonable given the circumstances. We find that the evidence before the trial court allowed it to reasonably reach this conclusion.

The first time Linda pulled Webb's hair, he left the kitchen and went to a bedroom. Linda followed Webb to the bedroom and pulled his hair again. Webb responded by punching Linda in the face two times, resulting in a black eye. Given that Webb used little to no force in stopping Linda's first attack, the trial court reasonably concluded that resorting to striking her in the eye twice during the second attack was unreasonable under the circumstances. *See e.g.*, *Boyer v. State*, 883 N.E.2d. 158, 162 (Ind. Ct. App. 2008) (Defendant scratching victim's arms and face, causing bleeding and scars, in response to being "nudged" out of a house was more force than reasonably necessary under the circumstances), *trans. denied*. Accordingly, sufficient evidence supports the trial court's conclusion that Webb used unreasonable force, extinguishing his claim of self-defense. We affirm Webb's conviction.

Affirmed.

MATHIAS, J., and BRADFORD, J., concur.