Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 01 2014, 10:54 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LATHAY DAVIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1403-CR-148 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Christina Klineman, Commissioner
Cause No. 49F10-1212-CM-81581

**October 1, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Lathay Davis ("Davis") was convicted in Marion Superior Court of Class A misdemeanor battery. She appeals her conviction and argues that the State failed to present sufficient evidence to rebut her claim of self-defense.

We affirm.

**Fact and Procedural History**

On December 2, 2012, Davis and her mother, Lazonya Phelps ("Phelps"), attempted to purchase gasoline at a Circle K gas station in Indianapolis. Katherine Duke ("Duke") was also at the Circle K to purchase a beverage on her way to work. Duke observed that customers waiting to pay for their purchases were disgruntled because Phelps was arguing with a store employee about a credit card issue.

Phelps was still arguing with the store employee when Duke approached the counter to pay for her soft drink. Duke set her drink down on the counter and was standing next to Phelps. Duke reacted to the volume and profane nature of Phelps's speech by "scoffing." Tr. p. 17. Phelps asked Duke why Duke scoffed at her, and Duke stated she did so because Phelps was yelling profanities in her ear. Id.

Duke then heard Davis say "don't talk to my mother that way." Id. Duke turned and Davis punched Duke in the face near her nose and right eye. Duke stumbled backward and Davis continued her assault on Duke. Duke pushed Davis back and the two women shoved each other until a store employee intervened. The employee escorted Davis from the store.

2

Law enforcement officials arrived and obtained a surveillance video from the Circle K. They also photographed Duke's face, and Duke reported that she suffered a slight nose bleed and "pretty intense" pain. Tr. pp. 20, 24.

Davis was charged with Class A misdemeanor battery[1] and a bench trial was held on December 2, 2013. Davis raised a claim of self-defense and testified that Duke shoved Davis first. The surveillance video from the Circle K was admitted into evidence, and the trial court viewed it multiple times.

Davis was found guilty as charged. The trial court ordered her to serve 365 days, with 361 days suspended, and thirty hours of community service. Davis now appeals.

**Decision and Decision**

Davis argues that the State failed to present sufficient evidence to rebut her claim of self-defense.

> A valid claim of defense of oneself or another person is legal justification for an otherwise criminal act. In order to prevail on such a claim, the defendant must show that [s]he: (1) was in a place where [s]he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements. If a defendant is convicted despite h[er] claim of self-defense, this Court will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt. The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim. We neither reweigh the evidence nor judge the credibility of witnesses. If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the [judgment] will not be disturbed.

---

[1] Davis was charged with an additional count of Class A misdemeanor battery against the store employee. The charge was dismissed because the employee failed to appear to testify at trial.

3

<u>Wilson v. State</u>, 770 N.E.2d 799, 800-01 (Ind. 2002) (internal citations omitted).

Davis cites to her own testimony and Phelps's testimony to argue that the State failed to rebut her claim of self-defense. Davis's argument is simply a request to reweigh the evidence and the credibility of the witnesses, which our court will not do. See <u>Wilson</u>, 770 N.E.2d at 801.

The State presented sufficient evidence that Davis instigated the altercation with Duke. After Duke verbally expressed her frustration with Phelps's profanity-laced tirade at the store employee, Davis told Duke not to speak to her mother "that way." Tr. p. 17. Davis then punched Duke in the face, which caused a slight nose bleed and pain. All of Davis's conduct was preserved on the store's surveillance camera, and the trial judge reviewed the video record taken from that camera several times before entering judgment against Davis. This evidence is sufficient to rebut Davis's claim of self-defense and to support her conviction for Class A misdemeanor battery.

Affirmed.

RILEY, J., and CRONE, J., concur.