Undray D. WILSON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 34S00–0006–CR–391.

Supreme Court of Indiana.

June 28, 2002.

---

William C. Menges, Jr., Howard County Public Defender, Kokomo, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

RUCKER, Justice.

Undray Wilson appeals his conviction for murder contending the evidence was not sufficient to negate his claim of self-defense and that the trial court erred in admitting a photograph into evidence. We affirm.

### Facts

The facts most favorable to the judgment show that shortly before noon on February 27, 2000, Wilson was standing on the front porch of his house when Richard Listenbee and his brother David Nesbitt drove by in a car. Listenbee was driving, and Nesbitt was seated in the passenger seat. The three men had been involved in a physical altercation two days earlier. The record shows the car drove past the house and turned into an alley. Intending to back up and confront Wilson, Listenbee removed a handgun from the glove compartment of the car. At that point, Wilson went into the house, retrieved his own weapon, returned to the porch, and began shooting at the car before it left the alley. Nesbitt then exited the car, fired one or two shots, and got back in the car. As the car sped away, Wilson ran off the porch into the middle of the street and fired several more shots. One of the bullets struck Nesbitt in the chest, and he died as a result.

Wilson was arrested and charged with murder. After a jury trial, he was convicted as charged. The trial court sentenced Wilson to fifty-five years imprisonment. This direct appeal followed.

### Discussion

#### I.

◼ Wilson challenges the sufficiency of the evidence contending the State failed to rebut his claim of self-defense. Specifically, Wilson points to conflicting evidence concerning who first began shooting. According to Wilson, he merely returned fire after he and other residents of the house were first fired upon.

◼ A valid claim of defense of oneself or another person is legal justification for an otherwise criminal act. Ind.Code § 35–41–3–2(a); *Wallace v. State,* 725 N.E.2d 837, 840 (Ind.2000). In order to prevail on such a claim, the defendant must show that he: (1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *McEwen v. State,* 695 N.E.2d 79, 90 (Ind. 1998). When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements. *Id.* If a defendant is convicted despite his

claim of self-defense, this Court will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt. *Taylor v. State*, 710 N.E.2d 921, 924 (Ind.1999). In any event, a mutual combatant, whether or not the initial aggressor, must declare an armistice before he or she may claim self-defense. *Wooley v. State*, 716 N.E.2d 919, 926 (Ind.1999); *see* I.C. § 35–41–3–2(e)(3) (2002) ("[A] person is not justified in using force if: ... the person has entered into combat with another person or is the initial aggressor, unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action."). The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim. *Sanders v. State*, 704 N.E.2d 119, 123 (Ind.1999). We neither reweigh the evidence nor judge the credibility of witnesses. *Id.* If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed. *Id.*

Wilson concedes that he knowingly or intentionally killed David Nesbitt. He insists however that he did so in self-defense. According to Wilson, he was in a place where he had a right to be, he did nothing to provoke the attack, and was justified in believing that "the hail of bullets being directed toward [other residents of the house] and himself created a reasonable apprehension of death or serious bodily injury." Br. of Appellant at 8. Wilson's argument fails. The record shows that Wilson was a willing participant in the shooting. On this ground alone the State successfully rebutted his self-defense claim. Further, even assuming for the sake of argument that Wilson was not the initial aggressor and was only "returning

fire," the record shows he continued shooting after Nesbitt had ceased firing and the car was attempting to leave the area. At that point, Wilson could not have been laboring under a reasonable fear of death or great bodily harm. *See Hollowell v. State*, 707 N.E.2d 1014, 1021 (Ind.Ct.App. 1999) (finding sufficient evidence to rebut self-defense claim when defendant stabbed and continued to pursue initial aggressor with a knife after initial aggressor retreated). Rather, the reasonable inference was that he was retaliating for the initial assault. Further, the record is clear that at no time did Wilson withdraw from the encounter. He was required to do so as a precondition for a claim of self-defense. We conclude the evidence was sufficient to rebut Wilson's self-defense claim.

## II.

■ Over Wilson's timely objection, the trial court admitted into evidence a photograph offered by the State depicting Wilson and several other males brandishing various firearms and flashing what appear to be gang signs. In this appeal, Wilson contends the trial court erred in admitting the exhibit into evidence because it was not relevant and, even if relevant, its prejudicial impact outweighed its probative value.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ind. Evidence Rule 401. In this case, the State argues the evidence was relevant because two shell casings recovered from the crime scene were fired from a 9–millimeter handgun, a weapon similar to the type of weapon that Wilson was brandishing in the photograph. The argument continues that the photograph was thus relevant because it tended to show

that Wilson possessed the murder weapon at the time of the shooting. We disagree. Even if the weapon that Wilson was depicted as holding was in fact the same weapon used in the crime, the photograph would have supported only a slight tendency that Wilson was the gunman in this case. We have held:

The fact that a person has in his possession the same instrumentality as that used in a crime has only the slightest tendency to support an inference that the person committed the crime. That is especially so where possession of the instrumentality is remote in time from the date the crime occurred.

*Pope v. State*, 737 N.E.2d 374, 378 (Ind. 2000) (rejecting on relevancy grounds a claim that bullets recovered at the crime scene looked similar to bullets found in a witness' possession a week earlier).

In this case, we do not view the photograph as having any relevance whatsoever. First, because no weapon was introduced at trial, there was no comparison between the shell casings found at the scene and the weapon depicted in the photograph. Second, the record shows Wilson possessed the weapon in the photograph two months before Nesbitt was murdered. There is no link between the shell casings recovered at the crime scene and the photograph the State introduced at trial. In sum, the photograph did not make more or less probable any issue before the jury. We conclude therefore that the trial court erred by admitting it into evidence.

However, errors in the admission or exclusion of evidence are to be disregarded as harmless unless the errors affect the substantial rights of the party. Ind. Trial Rule 61; *Turben v. State*, 726 N.E.2d 1245, 1247 (Ind.2000). To determine whether an error in the introduction of evidence affected a defendant's substantial rights, this Court considers the proba-

ble impact of that evidence upon the jury. *Id.* Here, there was never any doubt that Wilson fatally wounded Nesbitt. In this appeal, Wilson has conceded as much. The only question was whether he acted in self-defense. As can be seen by the discussion *infra,* evidence that Wilson did not act in self-defense was overwhelming. Thus, it is unlikely that the inadmissible photograph had an impact on the jury's verdict. Although the trial court erred in admitting the photograph into evidence, the error was harmless.

### Conclusion

We affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.