**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jun 26 2013, 8:39 am

*Kevin S Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**G. ALLEN LIDY**
Roscoe Stovall, Jr., & Associates
Mooresville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JONATHAN R. SICHTERMANN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PATRICK LEWIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 67A05-1210-CR-527 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PUTNAM SUPERIOR COURT
The Honorable Charles D. Bridges, Judge
Cause No. 67D01-1104-CM-236

**June 26, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Patrick Lewis appeals his conviction for Class A misdemeanor domestic battery. We affirm.

**Issue**

Lewis raises one issue, which we restate as whether the State presented sufficient evidence to rebut Lewis's self-defense claim.

**Facts**

On April 22, 2011, Lewis and his wife, A.L., got into an argument. Lewis wanted to go to bed, but A.L. was instant messaging on her cell phone with her aunt and was not ready to go to bed. Lewis plugged in a camera that interfered with the wi-fi, and A.L. was unable to use the wi-fi on her cell phone. A.L. unplugged the camera, but Lewis plugged it back in. When A.L. unplugged it again, Lewis started pulling wires out of the wireless router. A.L. then picked up Lewis's laptop computer and slammed it down, breaking it. Lewis "came after" A.L. and punched her in the face with a closed fist. Tr. p. 20. Lewis knocked A.L. to the ground and was "on top of" her, when his father interrupted the altercation. Id. at 21.

The State charged Lewis with Class A misdemeanor domestic battery. At Lewis's bench trial, he argued that he hit A.L. in self-defense. Lewis claimed that A.L. hit him with the laptop and another object and that he punched her in self-defense. The trial court found Lewis guilty as charged and noted:

> I do feel like the State has met their burden, due in part, well actually not in part, due to Mr. Lewis's testimony, it was inconsistent with the injuries shown in the photograph and

2

> also, Mrs. Lewis's testimony on State's Exhibit One, the bottom photo clearly shows blood pooling in her ear, which would certainly corroborate her story that she was lying on her back, so yes, it is a close call. Clearly both parties needed to be arrested. So, I am going to enter the Judgment of Conviction, Mr. Lewis for Domestic Battery.

Id. at 38. The trial court sentenced Lewis to one year with all suspended to probation except for time already served. At the sentencing hearing, the trial court stated: "The reason I'm suspending the entire sentence, . . . it was questionable, at least in my mind, who struck whom first and why and based on that information, I'm not willing to have Mr. Lewis do any more jail time." Id. at 45. Lewis now appeals.

**Analysis**

Lewis argues that the State failed to rebut his claim of self-defense. A valid claim of defense of oneself or another person is legal justification for an otherwise criminal act. Wilson v. State, 770 N.E.2d 799, 800 (Ind. 2002). "A person is justified in using reasonable force against another person to protect himself or a third person from what he reasonably believes to be the imminent use of unlawful force." Ind. Code § 35-41-3-2(a).[1] A claim of self-defense requires a defendant to have acted without fault, been in a place where he or she had a right to be, and been in reasonable fear or apprehension of bodily harm. Henson v. State, 786 N.E.2d 274, 277 (Ind. 2003). Further, a mutual combatant, whether or not the initial aggressor, must declare an armistice before he or she may claim self-defense. Id. at 801; see I.C. § 35-41-3-2(e)(3) ("[A] person is not justified in using force if: . . . the person has entered into combat with another person or is the

---

[1] Indiana Code Section 35-41-3-2 was subsequently amended by Pub. L. No. 161-2012, Section 1, effective March 20, 2012, and Pub. L. No. 13-2013, Section 139, effective April 1, 2013.

3

initial aggressor, unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action.").[2]

The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim. Wilson, 770 N.E.2d at 800. We neither reweigh the evidence nor judge the credibility of witnesses. Id. If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed. Id. When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements. Id. If a defendant is convicted despite his or her claim of self-defense, we will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt. Id. at 800-01.

Lewis argues that the State failed to rebut his self-defense claim. According to Lewis, he presented evidence to show that he was in a place where he had the right to be, he was without fault, and he had a reasonable fear of bodily harm. He further argues that the State failed to rebut this evidence by showing that his force was unreasonable, he was the initial aggressor, he was a mutual combatant who entered into the fray willingly and did not call an armistice, or he continued in the action after the need for self-defense no longer existed. Lewis points to the trial court's allegedly equivocal statements regarding Lewis's guilt.

---

[2] Subsequently amended by Pub. L. No. 161-2012, Section 1, effective March 20, 2012, and Pub. L. No. 13-2013, Section 139, effective April 1, 2013.

4

We cannot say that the trial court's statements indicated confusion regarding whether Lewis was guilty of domestic battery.[3] The trial court pointed out that Lewis's explanation of the events was inconsistent with the physical evidence, which indicated that A.L. was on the ground, bleeding, for part of the altercation. That evidence was consistent with A.L.'s testimony. The trial court did indicate that it was unclear whether Lewis or A.L. was the initial aggressor in the incident. However, his conviction is sustainable based on other evidence.

The evidence most favorable to the conviction indicates that, after A.L. broke his laptop, Lewis "came after" her and punched her in the face with a closed fist. Tr. p. 20. He knocked her to the ground and was "on top of" her, when his father interrupted the altercation. Id. at 21. The State's evidence permitted the trier of fact to infer that Lewis did not reasonably fear bodily harm when he started hitting A.L. The evidence also permitted the trier of fact to infer that Lewis was a willing participant in the violence. Further, "[t]he amount of force that an individual may use to protect himself must be proportionate to the urgency of the situation." Pinkston v. State, 821 N.E.2d 830, 842 (Ind. Ct. App. 2004), trans. denied. "When a person uses more force than is reasonably necessary under the circumstances, the right of self-defense is extinguished." Id. Lewis's use of force against A.L. was disproportionate to the situation.

---

[3] In support of his argument that the trial court's statements were equivocal, Lewis relies on Willis v. State, 888 N.E.2d 177 (Ind. 2008). However, in Willis, our supreme court reversed a conviction based on the defense of the parental discipline privilege, not based on any equivocal statements by the trial court. Lewis's argument fails.

5

We conclude that the evidence was sufficient to rebut Lewis's claim of self-defense. In much of his argument, Lewis is merely requesting that we reweigh the evidence, which we cannot do. The trial court, after hearing the evidence, clearly rejected Lewis's version of the events. The evidence is sufficient to sustain Lewis's conviction.

### Conclusion

The evidence is sufficient to rebut Lewis's claim of self-defense. We affirm his conviction for Class A misdemeanor domestic battery.

Affirmed.

NAJAM, J., and BAILEY, J., concur.