**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 19 2013, 6:18 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RYAN W. TANSELLE**
Capper Tulley & Reimondo
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LINDSEY J. BARGER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 32A05-1303-CR-136 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Karen M. Love, Judge
Cause No. 32D03-1208-CM-1105

**November 19, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Lindsey J. Barger ("Barger") appeals her conviction, following a bench trial, for Class A misdemeanor battery.[1]

We affirm.

ISSUE

Whether the State presented sufficient evidence to rebut Barger's claim that she committed battery in self-defense.

FACTS

The facts most favorable to the verdict reveal that on August 11, 2012, twenty-one-year-old Barger went to the house of her father, Rob Barger ("Rob"), for a cookout. Rob shared the house with his wife (Barger's stepmother), Farrow Barger ("Farrow"), and Farrow's seventeen-year-old daughter (Barger's stepsister), A.H. That evening, Barger, Rob, and Farrow were all drinking alcohol. Just before midnight, Barger and A.H. began to argue. The argument then "turned into a physical altercation[.]" (Tr. 7). Barger and A.H. shoved each other near the front door of the house. A.H. then walked back to her bedroom, and Barger followed her into the bedroom. Once in the bedroom, "[t]he argument escalated[.]" (Tr. 15). Barger, who was "a lot bigger" than A.H., got on top of A.H., who was lying on her back on her bed. (Tr. 16). Because Barger was on top of A.H., A.H. could not move her arms and was unable to get up. A.H. kicked Barger in an attempt to get up and get Barger off of her. Barger then "punched [A.H.] once in [her nose] and then once up on [her] hairline." (Tr. 17). A.H.'s eighteen-year-old sister,

---

[1] Ind. Code § 35-42-2-1(a)(1)(A).

Samantha, then went into the room and broke up the fight. Barger left the house. After arguing with Farrow, A.H. also left the house, went to a friend's house, and called the police.

The State charged Barger with Class A misdemeanor battery. On February 14, 2013, the trial court held a bench trial. As part of her defense, Barger presented testimony from Farrow and from herself to raise a claim of self-defense. Barger testified that A.H. was on the bed and was kicking and hitting her. Barger testified that she told A.H. to stop and that she was holding down A.H.'s hands when she hit A.H. "out of self-defense and instinct." (Tr. 49). The trial found Barger guilty as charged. During a later sentencing hearing, the trial court imposed a sixty (60) day sentence in the Hendricks County Jail with all sixty (60) days suspended. The trial court also placed Barger on probation for 180 days. The trial court also granted, over the State's objection, Barger's motion to stay her sentence pending appeal. Barger now appeals her conviction.

## DECISION

Barger does not dispute the fact that she battered A.H. Instead, her challenge to the sufficiency of the evidence is limited to her argument that the State failed to present sufficient evidence to rebut her claim that she committed the battery in self-defense.

The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim. *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002). We neither reweigh the evidence nor judge the credibility of witnesses. *Id.* Additionally, if there is sufficient

evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed. *Id.*

A valid claim of self-defense is legal justification for an otherwise criminal act. *Coleman v. State*, 946 N.E.2d 1160, 1165 (Ind. 2011). "A person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force." Ind. Code § 35-41-3-2(c).[2] However, a person is not justified in using force if the person has "entered into combat with another person or is the initial aggressor unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action." I.C. § 35–41–3–2(g)(3).

In order to prevail on a claim of self-defense, a defendant must show: (1) she was in a place where she had a right to be; (2) she acted without fault; and (3) she had a reasonable fear of death or great bodily harm. *Coleman*, 946 N.E.2d at 1165. "When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements." *Wilson*, 770 N.E.2d at 800. "The State may meet this burden by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by simply relying upon the sufficiency of its evidence in chief." *Miller v. State*, 720 N.E.2d 696, 700 (Ind. 1999). *Id.* Whether the State has met its burden is a question of fact for the fact-finder. *Id.*

---

[2] Following Barger's commission of her crime, Indiana Code § 35–41–3–2 was subsequently amended in Pub.L. No. 13–2013, Section 139, effective April 1, 2013.

4

Barger argues that she was justified in battering A.H. Barger contends that she had a right to be at her father's house, asserts that she did not provoke or participate willingly in the violence because she claims that A.H. shoved her first, and argues that there is a reasonable inference that she was in fear of great bodily harm because A.H. repeatedly hit and kicked her. We cannot agree.

The evidence presented during the bench trial reveals that Barger was a willing participant in the altercation, which ended up with Barger punching A.H. in the face. Furthermore, Barger did not withdraw from the encounter. Indeed, the evidence reveals that Barger and A.H. had a verbal argument that resulted in them shoving each other. However, that initial altercation ended when A.H. retreated to her bedroom. Barger then followed A.H. to her bedroom, where Barger ended up pinning A.H. down on her bed. A.H. testified that she could not move her arms and that she was unable to get up. As A.H. kicked Barger in an attempt to get up and get Barger off of her, Barger punched A.H. in the face. Despite Barger's claim that she "tried to orally withdraw from the encounter," she was not justified in battering A.H. as she sat on top of her. *See* I.C. § 35–41–3–2(g)(3) (explaining that person, whether as a mutual combatant or initial aggressor, is not justified in using force "unless the person *withdraws from the encounter <u>and</u> communicates to the other person the intent to do so*") (emphases added). Thus, Barger's claim of self-defense is without merit.

Barger's argument that her trial testimony and Farrow's testimony shows that she justifiably acted in self-defense when she punched A.H. in the face is nothing more than an invitation to reweigh the evidence and judge the credibility of the witnesses, which we

5

will not do. *See Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). Because there was probative evidence from which the trial court—as trier of fact in this bench trial—could have found that that Barger did not validly act in self-defense or that the State rebutted Barger's self-defense claim beyond a reasonable doubt, we affirm her conviction for Class A misdemeanor battery.

Affirmed.

CRONE, J., and BARNES, J., concur.