Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Jul 07 2014, 9:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID L. JOLEY**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES TOY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1311-CR-446 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable John F. Surbeck, Jr., Judge
The Honorable Richard W. Karcher, Magistrate
Cause No. 02D04-1305-CM-2069

**July 7, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

James Toy appeals his conviction for intimidation, as a Class A misdemeanor, following a bench trial. Toy presents a single issue for our review, namely, whether the State presented sufficient evidence to support his conviction. Specifically, Toy maintains that the State failed to rebut his self-defense claim. We affirm.

## FACTS AND PROCEDURAL HISTORY

In April 2013, Toy and his girlfriend, Cynthia Smith, were living in Fort Wayne next door to Cynthia's brother Todd Bowser and his wife, Doreena Bowser. Toy and Todd did not like each other and had been in frequent arguments and physical altercations over the years. During the late night hours of April 27, the Bowsers were entertaining friends in their backyard, and Toy, who was intoxicated, became annoyed by the noise coming from the Bowsers' yard. Accordingly, Toy went outside, wielding a baseball bat, and began yelling at the Bowsers and their guests. Toy called Todd a "crack dealer, a pot dealer, and a pill pusher," and Toy threatened to kill Todd. Tr. at 25. Doreena called police.

Allen County Sheriff's Deputy Eric Balliet arrived at the scene around midnight and saw Toy, who was still holding a baseball bat, standing near a wood pile located near the property line between the two houses. Toy was arguing with Todd. As Deputy Balliet approached the men, Toy retreated into his house. Toy then came out of his house, not holding a baseball bat, and approached Deputy Balliet. Toy admitted to Deputy Balliet that he had consumed seven beers that night. And Toy told Deputy Balliet that he was "upset" by the noise coming from the Bowsers' yard, so he had wielded a

2

baseball bat and confronted them in an effort to "intimidate them to be quiet." Id. at 12. Deputy Balliet instructed Toy to go back to bed, but Toy refused and resumed yelling at the Bowsers, calling them "f***ing crack heads" and stating that they should be arrested. Id. at 13. Deputy Balliet placed Toy under arrest.

The State charged Toy with intimidation, as a Class A misdemeanor; criminal trespass, as a Class A misdemeanor; and public intoxication, as a Class B misdemeanor. At the beginning of the bench trial, the State dismissed the public intoxication charge. The trial court found Toy guilty of intimidation, but not guilty of criminal trespass. And the court sentenced Toy to one year suspended. This appeal ensued.

## DISCUSSION AND DECISION

When considering whether the evidence is sufficient to support an appellant's conviction, we neither reassess witness credibility nor reweigh the evidence, as those tasks are reserved to the fact-finder. Delagrange v. State, 5 N.E.3d 354, 356 (Ind. 2014). Rather, we consider only the evidence most favorable to the conviction, and we will affirm unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. Id.

To prove intimidation, as a Class A misdemeanor, the State had to show that Toy communicated a threat to Todd with the intent that Todd engage in conduct against Todd's will. Ind. Code § 35-45-2-1. The State presented evidence that Toy threatened to kill Todd if he did not stop being so loud.

3

But Toy alleged that he acted in self-defense. In particular, Toy raised the "defense of his property" at trial, under Indiana Code Section 35-41-3-2,[1] which provides in relevant part:

(d) A person:

> (1) is justified in using reasonable force, including deadly force, against any other person; and

> (2) does not have a duty to retreat;

if the person reasonably believes that the force is necessary to prevent or terminate the other person's unlawful entry of or attack on the person's dwelling, curtilage, or occupied motor vehicle.

* * *

(g) Notwithstanding subsections (c) through (e), a person is not justified in using force if:

> (1) the person is committing or is escaping after the commission of a crime;

> (2) the person provokes unlawful action by another person with intent to cause bodily injury to the other person; or

> (3) the person has entered into combat with another person or is the initial aggressor unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action.

When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements. Wilson v. State, 770 N.E.2d 799, 800 (Ind. 2002). If a defendant is convicted despite his claim of self-defense, this court will reverse only if no reasonable person could say that self-defense

---

[1] In his brief on appeal, Toy cites a prior version of the relevant statute. The effective date of the current version was April 1, 2013, one month before the offense in this case.

was negated by the State beyond a reasonable doubt. Id. at 800-01. Toy contends that the State "failed to rebut [his] claim of self-defense beyond a reasonable doubt, and therefore there was insufficient evidence" to support his conviction. Appellant's Br. at 10.

Toy maintains that "his actions that day, if illegal at all, were excused because he was trying to defend his property from the attack of the people at the Bowsers' that came onto his property." Id. In support of that contention, Toy cites evidence presented at trial that "multiple people came charging around [his] garage, and through his yard" and Toy "felt terrified and feared for his life." Id. at 11. But Toy's contentions on appeal amount to a request that we reweigh the evidence, which we will not do.

The State presented evidence that the Bowsers were entertaining in their backyard when Toy came outside, wielding a baseball bat, and threatened to kill Todd if they did not quiet down. A confrontation ensued, and Doreena called police. Toy did not present any evidence, and he makes no contention on appeal, that he ever withdrew from the encounter and communicated to Todd the intent to do so and Todd nevertheless continued or threatened to continue unlawful action. See I.C. § 35-41-3-2(g)(3). Our supreme court has held that a mutual combatant, whether or not the initial aggressor, must declare an armistice before he may claim self-defense. Wilson, 770 N.E.2d at 801 (holding defendant was required to withdraw from the encounter as a precondition for a claim of self-defense). Absent such evidence here, Toy cannot prevail on his self-defense claim. Because he does not raise any other challenge to the sufficiency of the evidence, we affirm his conviction for intimidation.

Affirmed.

VAIDIK, C.J., and BROWN, J., concur.