## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jul 07 2015, 8:34 am
CLERK
of the supreme court,
court of appeals and
tax court

**ATTORNEY FOR APPELLANT**

Derick W. Steele
Deputy Public Defender
Kokomo, Indiana

**ATTORNEYS FOR APPELLEE**

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Vincent D. Quarles Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 7, 2015

Court of Appeals Case No. 34A02-1412-CR-871

Appeal from the Howard Circuit Court

The Honorable Lynn Murray, Judge

Cause No. 34C01-1209-MR-81

**Vaidik, Chief Judge.**

## Case Summary

[1] Vincent D. Quarles Jr. was convicted of Class B felony aggravated battery for shooting a victim in the face during a group fight outside a bar in Kokomo,

Indiana. Quarles now appeals arguing that the State failed to rebut his claim of self-defense. Although Quarles was not a part of the original fight, he willingly became part of the fight when he retrieved a gun from a parked car and followed the victim to his car and shot him in the face. Because the evidence is sufficient to rebut Quarles' self-defense claim, we affirm.

# Facts and Procedural History

[2] The facts most favorable to the verdict reveal that in the early morning hours of July 6, 2012, Debriel Scales, his cousin Durone Parker, and his sister Danielle Scales left a strip club, and Danielle drove them to Rock Bottom Grill in Kokomo to continue drinking. A surveillance camera at the front entrance of the bar captured most of the events that unfolded. *See* Ex. 2 (surveillance footage from Camera 1). Upon arrival, Debriel and Durone exited Danielle's car and walked toward the front entrance of the bar. Four men, including Tyson Deckard, were standing outside the front entrance; Quarles was inside the bar. Tr. p. 236. As Debriel and Durone walked past the group, Tyson came up from behind Durone and punched him, knocking him to the ground. *Id*. at 236-37; Ex. 2 (2:45:55 a.m. on surveillance video). When Debriel went to help his cousin Durone, he became involved in the fight too. Tr. p. 193. Danielle got out of her car to see what was going on. After realizing that Debriel and Durone were being jumped, she returned to her car to get some five-pound hand weights in an attempt to stop the fight and pulled her car near the front entrance of the bar. *Id*. at 76. But the fighting continued.

[3]     A few minutes later, a man in a blue-striped shirt—later identified as Quarles—exited the bar and walked toward the fight. *Id.* at 239; Ex. 2 (2:49:38 on the surveillance video). At this point, Debriel had just gotten in and out of Danielle's car.[1] Tr. p. 239; Ex. 2 (2:49:43-2:49:52 on surveillance video). When Debriel approached the group, Quarles ran through the bar's parking lot and across Plate Street to where his car was parked. Tr. p. 239, 320. Quarles then ran back across the street to the bar's parking lot. *Id.* at 240. When Quarles rejoined the group, he had a gun in his hand. *Id.*; Ex. 2 (2:51:26 on surveillance video); Ex. 16 (still shot taken from surveillance video showing gun in Quarles' hand). As Debriel walked to Danielle's car, the group, including Quarles, closed in on him. Multiple shots were fired; Debriel was shot in the face but survived. Danielle saw Quarles shoot Debriel but did not know his name at that time. Tr. p. 95. She later identified Quarles as the shooter. Debriel, Durone, and Danielle did not have guns on them, and no guns were found in Danielle's car or on the scene. Quarles later gave police the gun he used to shoot Debriel.

[4]     The State charged Quarles with Class A felony attempted murder and Class B felony aggravated battery. Appellant's App. p. 12. Quarles argued self-defense at trial. Following a jury trial, the jury found Quarles not guilty of attempted

---

[1] At trial, Danielle admitted telling police in one of her statements that when Debriel went back to the car, he "was trying to act like he had a gun." Tr. p. 98. Debriel testified at trial, however, that he did not pretend to have a gun or obtain a weapon during the fight. *Id.* at 211. We do not make credibility determinations on appeal.

murder but guilty of aggravated battery. *Id*. at 126. The trial court sentenced Quarles to fifteen years, with thirteen years executed in the Indiana Department of Correction and two years executed through Howard County Community Corrections for in-home detention. *Id*. at 132.

[5] Quarles now appeals his aggravated-battery conviction.

# Discussion and Decision

[6] Quarles contends that the State failed to rebut his claim of self-defense. The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency-of-the-evidence claim. *Wilson v. State,* 770 N.E.2d 799, 801 (Ind. 2002). We neither reweigh the evidence nor judge the credibility of witnesses. *Id.* If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed. *Id.*

[7] A valid claim of self-defense is legal justification for an otherwise criminal act. *Coleman v. State,* 946 N.E.2d 1160, 1165 (Ind. 2011). Indiana Code section 35-41-3-2 provides:

> (c) A person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force. However, a person:
>
> > (1) is justified in using deadly force; and
> > (2) does not have a duty to retreat;

if the person reasonably believes that that force is necessary to prevent serious bodily injury to the person or a third person or the commission of a forcible felony. No person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting the person or a third person by reasonable means necessary.

In order to prevail on a claim of self-defense, a defendant must show: (1) he was in a place where he had a right to be; (2) he acted without fault; and (3) he had a reasonable fear of death or great bodily harm. *Coleman,* 946 N.E.2d at 1165. Once a defendant claims self-defense, the State bears the burden of disproving at least one of these elements beyond a reasonable doubt for the defendant's claim to fail. *Miller v. State,* 720 N.E.2d 696, 700 (Ind. 1999). The State may meet this burden by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by simply relying upon the sufficiency of its evidence in chief. *Id.* Whether the State has met its burden is a question of fact for the fact-finder. *Id.* Self-defense is generally unavailable to a defendant who has entered into combat with another person or is the initial aggressor, "unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action." *See* Ind. Code § 35-41-3-2(g)(3); *see also Wooley v. State*, 716 N.E.2d 919, 926 (Ind. 1999) ("An 'initial aggressor' and those who 'enter into combat' (i.e., mutually willing combatants) [must] declare an armistice before they may claim self-defense."), *reh'g denied*.

[8] We find that the State has negated at least one element of Quarles' self-defense claim—that Quarles did not act without fault. The evidence shows that Quarles was not involved in the initial fight. Instead, Quarles exited the bar while the

fight was occurring and ran across the street to his parked car. When Quarles ran back across the street, he had a gun in his hand. As Debriel walked to Danielle's car, Quarles approached the unarmed Debriel and shot him in the face. Tr. p. 320. Because Quarles participated willingly in the violence, we conclude that the evidence is sufficient to rebut his self-defense claim.

[9]     Affirmed.

Kirsch, J., and Bradford, J., concur.