# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 21 2016, 8:34 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jane H. Conley
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Keith Cobbs,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | December 21, 2016<br><br>Court of Appeals Case No.<br>49A02-1606-CR-1446<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Barbara Crawford, Judge<br><br>Trial Court Cause No.<br>49G09-1506-F6-20053 |

**Altice, Judge.**

**Case Summary**

[1] Keith Cobbs appeals his conviction for criminal recklessness as a Level 6 felony. He raises one issue for our review: whether the State presented sufficient evidence to rebut his claim of self-defense.

[2] We affirm.

## Facts & Procedural History

[3] On June 9, 2015, several individuals, including Teddy Weems, were socializing in Robert Ogletree's backyard while Ogletree worked on a vehicle in his driveway. Cobbs, who lived across the street, came to join them. As he entered through the gate, Cobbs made a statement to the group that apparently angered Weems, and the two began cursing at each other. Weems got up from his chair on the porch, removed his glasses, and threw a coffee cup to the ground. The two then began tussling and scratching each other's faces in the driveway. Weems quickly pinned Cobbs to the ground and held him there for about a minute. Choosing not to hit Cobbs, Weems then told Cobbs to "let it go." *Transcript* at 64. Weems got off of Cobbs upon Ogletree's request and began to walk back to the group, believing the fight was over.

[4] As Weems walked away, Cobbs rose from the ground and grabbed a nearby crowbar. He struck Weems, who was unarmed, in the back of the head multiple times with the metal bar causing pain and lacerations. Cobbs also hit Weems's right wrist when Weems tried to block the blows to his head. After the police responded, Weems was taken to the hospital where he received

twenty-eight staples to the back of his head, as well as stitches on his wrist. Cobbs was arrested.

At the conclusion of the trial on May 4, 2016, the jury rejected Cobbs's self-defense claim and found him guilty of Level 6 felony criminal recklessness for striking Weems with the metal crowbar. The jury, however, found him not guilty of Class A misdemeanor battery, which was based on the scratching of Weems's face during the initial confrontation. On June 8, 2016, the trial court sentenced Cobbs to 90 days in the Marion County Jail followed by 365 days of home detention with GPS monitoring and 365 days on probation.

## Discussion & Decision

The standard for reviewing a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same standard used for any claim of insufficient evidence. *Wilson v. State,* 770 N.E.2d 799, 801 (Ind. 2002). We neither reweigh the evidence nor judge the credibility of witnesses. *Id.* If there is sufficient evidence of probative value to support the conclusion of the trier of fact, the judgment will not be disturbed. *Id.*

To prevail on his self-defense claim, Cobbs must show that he: (1) was in a place where he had a right to be; (2) acted without fault; and (3) was in reasonable fear or apprehension of bodily harm. *Henson v. State,* 786 N.E.2d 274, 277 (Ind. 2003); *see also* Ind. Code. § 35-41-3-2. A person who provokes, instigates, or participates willingly in the violence does not act without fault for the purposes of self-defense. *Shoultz v. State,* 995 N.E.2d 647, 660 (Ind. Ct. App.

2013), *trans. denied*. A mutual combatant, whether or not the initial aggressor, must declare an armistice before he may claim self-defense. *Wilson*, 770 N.E.2d at 801.

[8] When self-defense is raised and finds support in the evidence, the State bears the burden of negating at least one of the necessary elements. *Id.* at 800. The State may meet its burden by offering evidence directly rebutting the defense, by affirmatively showing that the defendant did not act in self-defense, or by relying on the sufficiency of the evidence from its case-in-chief. *Miller v. State,* 720 N.E.2d 696, 700 (Ind. 1999). If a defendant is convicted despite his self-defense claim, we will reverse only if no reasonable person could say that self-defense was negated beyond a reasonable doubt. *Wilson,* 770 N.E.2d at 801.

[9] In arguing that he acted in self-defense by striking Weems multiple times with the metal crowbar, Cobbs relies on his own self-serving testimony and ignores contrary testimony provided by Weems and Ogletree. As set forth above, we will not reweigh the evidence or judge witness credibility on appeal. *Wilson,* 770 N.E.2d at 801. The facts most favorable to the verdict reveal that Cobbs engaged in mutual combat with Weems. The initial scuffle ended in Weems's favor after he pinned Cobbs to the ground. Weems then indicated that the fight was over, released Cobbs, and began to walk away. Instead of retreating as well, Cobbs obtained a metal crowbar and struck Weems multiple times on the back of the head. The record is clear that at no time did Cobbs withdraw from the encounter, which he was required to do as a precondition for a self-defense

claim. *See id*. Accordingly, we conclude that the evidence was sufficient to rebut Cobbs's self-defense claim.

[10] Judgment affirmed.

[11] Riley, J. and Crone, J., concur.