## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 04 2017, 9:29 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bruce W. Graham
Graham Law Firm P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael J. Bates,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 4, 2017

Court of Appeals Case No.
79A02-1701-CR-100

Appeal from the Tippecanoe
Superior Court

The Honorable Randy J. Williams,
Judge

Trial Court Cause No.
79D01-1604-F4-16

**Baker, Judge.**

[1] Michael J. Bates appeals his conviction for Level 4 Felony Unlawful Possession of a Firearm by a Serious Violent Felon,[1] arguing that the trial court erred by excluding video that was recorded by a police officer's body camera. Finding no reversible error, we affirm.

## Facts

[2] Lafayette Police Detective Mark Pinkard was on duty around 6:30 a.m. on April 20, 2016, when he stopped at a Village Pantry. While Detective Pinkard was in line inside the store, Brianna Cannon entered the store, asked the cashier to call 911, and reported a situation in the parking lot involving a firearm. The detective identified himself to Cannon and asked her what was happening. Cannon said that an individual in the parking lot had threatened her with a firearm. Detective Pinkard instructed the store employee to call 911 and then exited the store.

[3] The detective walked to his vehicle; on the way, he could hear yelling and arguing near a black SUV. Detective Pinkard believed he was outnumbered. As he had no vest and back-up had not yet arrived, he sat in his vehicle to listen and evaluate the situation. As he listened, he confirmed Cannon's report of the situation and became concerned that some kind of incident was imminent.

---

[1] Ind. Code § 35-47-4-5.

Detective Pinkard exited his vehicle, showed his badge and gun, and ordered everyone out of the black SUV.

[4]    Bates, Laura Dewitt, Jordan Richards, and Kelly Matthews all exited the vehicle. As the detective had ordered them out of the car, Richards saw Bates slide a gun onto the vehicle's center console. Matthews also saw Bates with the gun; Matthews threw it into the back seat of the vehicle after Bates placed it on the console. Eventually, other officers arrived at the scene and arrested Bates.

[5]    One of the responding officers was Officer Ryan Black. As part of the investigation, Officer Black spoke with Rhonda Smith, the manager of the Village Pantry; that interview was recorded on Officer Black's body camera. Smith told Officer Black that she had seen a female repeatedly striking a person (later identified as Bates) outside the store. When Smith observed the altercation, she was inside looking out. Smith did not mention seeing a firearm in Bates's possession.

[6]    On April 22, 2016, the State charged Bates with Level 4 felony serious violent felon in possession of a firearm.[2] At trial, Bates sought to introduce the video recording of Smith's interview. The State objected and the trial court excluded the evidence. A jury trial took place on September 20, 2016, and that trial ended in a mistrial. A new trial took place on November 15, 2016, at which time Bates again sought to introduce the body camera footage and the trial

---

[2] The State also charged Bates with two other offenses but later dismissed those charges.

court again excluded it. On November 16, 2016, the jury found Bates guilty as charged. The trial court sentenced Bates to eight years, with one year suspended to probation. Bates now appeals.

## Discussion and Decision

[7] Bates's sole argument on appeal is that the trial court erred by excluding the video recording of Officer Black's interview of Smith. We will reverse a trial court's ruling on the admissibility of evidence only if the decision is clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights. *E.g.*, *Shelton v. State*, 26 N.E.3d 1038, 1042 (Ind. Ct. App. 2015).

[8] The trial court excluded the video recording because it was hearsay evidence that did not fall into one of the exceptions to the rule prohibiting its admission. Ind. Evidence Rules 801-03. Bates contends that the video recording falls under the exceptions for excited utterances, records of regularly conducted business activity, and/or public records and reports. Evid. R. 803(2), 803(6), 803(8).

[9] Assuming solely for argument's sake that the exclusion of this evidence was erroneous, that error would be harmless unless it affected Bates's substantial rights. *E.g.*, *Wilson v. State*, 770 N.E.2d 799, 802 (Ind. 2002). Here, the record reveals that both Richards and Matthews saw Bates with the firearm inside the SUV. Tr. Vol. II p. 73-74, 104. The fact that Smith, who was observing events from inside the store, did not mention seeing Bates with a firearm inside the vehicle is unsurprising and would have had no impact on the verdict. Under

these circumstances, even if the exclusion of the video recording was erroneous, the error was harmless. We decline to reverse.

[10] The judgment of the trial court is affirmed.

Bailey, J., and Altice, J., concur.