## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

08/28/2017, 10:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Deborah Markisohn
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lauren Warman,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 28, 2017

Court of Appeals Case No.
49A02-1612-CR-2762

Appeal from the Marion Superior Court

The Honorable Tom Hirschauer, Judge Pro Tempore

Trial Court Cause No.
49G12-1607-CM-26741

**Robb, Judge.**

# Case Summary and Issue

[1]     Following a bench trial, Lauren Warman was convicted of battery causing bodily injury as a Class A misdemeanor. Warman appeals, raising the sole issue of whether the evidence is sufficient to support her conviction. Concluding the evidence is sufficient, we affirm.

# Facts and Procedural History

[2]     In early July 2016, Warman lived with her mother, Melissa Davenport, and sister, S.W., in Warman's home in Indianapolis. At 6:00 a.m. on July 12, Warman entered S.W.'s room to use S.W.'s cell phone. Warman was upset and explained to S.W. "she wanted to beat [Melissa] up or kill her . . . ." Transcript, Volume 2 at 39. Nearly thirty minutes later, Warman approached Melissa as Melissa went outside to her car and began screaming at her. Melissa described Warman as "crazed." *Id.* at 11. Warman returned to the home and locked the door. Melissa needed to get into the home so she could gather her materials for work and threatened to call police. Warman then exited the home and began shoving and punching Melissa. Melissa responded by grabbing Warman's hair and striking her. Hearing the commotion, S.W. went downstairs and observed the struggle. S.W. attempted to stop the fight and Melissa stopped striking Warman. Warman did not stop, however, and grabbed Melissa's hair and threw her to the floor. S.W. again tried to end the fight by pulling Warman off Melissa. When Warman resisted, S.W. grabbed a

knife and began cutting Melissa's hair to free her. Once S.W. prevailed, Warman grabbed more hair. At some point, Melissa was able to call 911.

[3] At approximately 7:00 a.m., Officer Katie DeLeon with the Indianapolis Metropolitan Police Department arrived at the home and heard the sounds of females screaming inside the home. Warman, bleeding from the face, came to the door and allowed Officer DeLeon inside. Officer DeLeon observed Melissa was bleeding from the face and holding clumps of her hair in her hand. Officer DeLeon also observed clumps of hair scattered on the home's floor. Warman was arrested.

[4] On July 12, 2016, the State charged Warman with battery causing bodily injury as a Class A misdemeanor. At a bench trial, the State presented the testimony of Melissa, S.W., and Officer DeLeon. Warman testified on her own behalf and claimed self-defense. According to Warman, she approached Melissa outside and Melissa attempted to strike her. Warman then retreated to the home and shut the door. Warman then opened the door, Melissa "rushed" at Warman, and the two began fighting. *Id*. at 83. S.W. then approached the pair. Warman feared S.W. would get hit, so Warman grabbed Melissa's hair and held her down to the ground.

[5] Warman was found guilty as charged and the trial court entered judgment of conviction. This appeal ensued.

# Discussion and Decision

# I.  Sufficiency of the Evidence

When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh the evidence nor judge witness credibility. *Smart v. State*, 40 N.E.3d 963, 966 (Ind. Ct. App. 2015).  Rather, we consider only the evidence supporting the judgment and any reasonable inferences arising from such evidence.  *Id*.  We will affirm a conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt."  *Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citation omitted).

# II.  Self-Defense

Warman contends the evidence is insufficient to support her conviction because the State failed to disprove her claim of self-defense beyond a reasonable doubt. We disagree.

A valid claim of self-defense is a legal justification for an otherwise criminal act. *Wilson v. State*, 770 N.E.2d 799, 800 (Ind. 2002).  To prevail on a claim of self-defense, the defendant must show she: 1) was in a place she had a right to be, 2) did not provoke, instigate, or willingly participate in the violence, and 3) had a reasonable fear of death or great bodily harm.  *Id*.  Where, as here, the conduct does not involve deadly force, the defendant claimant must only show that she was protecting herself from what she reasonably believed to be the imminent use of unlawful force.  *Dixson v. State*, 22 N.E.3d 836, 839 (Ind. Ct. App. 2014), *trans. denied*.  "When a claim of self-defense is raised and finds support in the

evidence, the State has the burden of negating at least one of the necessary elements." *Wilson*, 770 N.E.2d at 800. Before she may claim self-defense, a mutual combatant or initial aggressor must withdraw from the encounter and communicate the intent to do so to the other person and the other person nevertheless continues or threatens to continue unlawful action. *Id*. at 801; *see also* Ind. Code § 35-41-3-2(g)(3).

[9] The parties dispute whether Warman completely withdrew from the encounter. Warman argues she did not provoke the fight. She claims Melissa initiated the fight when she swung at her outside and Warman thereafter immediately retreated inside and shut the door, and only after Melissa allegedly charged at her did she willfully participate in the quarrel. Warman's arguments are a request for this court to reweigh the evidence and reassess witness credibility, which we will not do. *Smart*, 40 N.E.3d at 966.

[10] The evidence most favorable to the judgment establishes Warman stated to S.W. she wanted to hurt Melissa just before the fight ensued. Melissa testified Warman then approached her outside and began screaming in a "crazed" manner. Tr., Vol. 2 at 11. Warman then returned to the home and locked Melissa outside. After Melissa threatened to call the police, Warman opened the door and attacked Melissa. The pair then exchanged blows and Warman grabbed Melissa's hair and threw her to the ground, and Warman held Melissa to the ground despite S.W.'s attempts to free Melissa. A reasonable fact-finder could find that Warman never completely withdrew from the encounter. We

conclude the State presented sufficient evidence to negate Warman's claim of self-defense.

# Conclusion

[11] The State presented sufficient evidence to convict Warman of battery causing bodily injury as a Class A misdemeanor. Accordingly, we affirm.

[12] Affirmed.

Riley, J., and Pyle, J., concur.