## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 30 2017, 9:22 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas P. Keller
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Curtis Smith,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 30, 2017

Court of Appeals Case No.
71A05-1705-CR-1062

Appeal from the St. Joseph
Superior Court

The Honorable Jane Miller, Judge

Trial Court Cause No.
71D01-1606-F5-112

**Robb, Judge.**

# Case Summary and Issue

[1] Following a jury trial, Curtis Smith was convicted of criminal recklessness, a Level 6 felony. Smith appeals, raising the sole issue of whether the evidence is sufficient to support his conviction. Concluding the evidence is sufficient, we affirm.

# Facts and Procedural History

[2] On the afternoon of June 10, 2016, Smith drove to pick up his two daughters from their mother, Keishna Washington. When he arrived at her apartment, he informed Washington he was taking the children to his former girlfriend's home for the weekend. An argument ensued between Washington and Smith about taking the children to Smith's ex-girlfriend's home, and Washington, her new boyfriend Kamaran Burnley, and a few other friends and relatives walked outside to confront Smith. Eventually, Smith and Burnley began arguing and threatening to harm each other. *See* Transcript, Volume II at 35, 88.

[3] Smith and Burnley eventually separated and Smith returned to his vehicle. As Smith prepared to leave, Washington attempted to remove the children from Smith's vehicle and Smith began driving in a "figure 8" motion around the parking lot. Tr., Vol. II at 59. Burnley then turned and began walking away from Smith's car back to the apartment. As he walked away, Smith drove his car at Burnley, sped up, and struck Burnley before crashing into a dumpster at the opposite end of the parking lot. Smith then fled in his car.

[4] The State charged Smith with battery by means of a deadly weapon, a Level 5 felony. At trial, three separate witnesses testified they saw Smith speed up and hit Burnley with his car as Burnley was walking away. *Id.* at 102, 121, 143. The jury found Smith guilty of criminal recklessness, a Level 6 felony and lesser included offense of battery by means of a deadly weapon. Smith now appeals.

# Discussion and Decision

## I. Standard of Review

[5] Smith argues he acted in self-defense when he struck Burnley with his car. "The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard [of review] for any sufficiency of the evidence claim." *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002). "We neither reweigh the evidence nor judge the credibility of witnesses. If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed." *Id.* (internal citation omitted). In the event the defendant is convicted despite asserting a claim of self-defense, we will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt. *Id.* at 800-01.

## II. Self-Defense

[6] Smith contends the evidence is insufficient to support his conviction because the State failed to disprove his claim of self-defense beyond a reasonable doubt. We disagree.

[7] A valid claim of self-defense is a legal justification for an otherwise criminal act. *Id.* at 800. To prevail on a claim of self-defense, the defendant must show he: 1) was in a place he had a right to be, 2) did not provoke, instigate, or willingly participate in the violence, and 3) had a reasonable fear of death or great bodily harm. *Id.* Any force used must be proportionate to the situation; a claim of self-defense will fail if the person uses more force than is reasonably necessary under the circumstances. *Weedman v. State*, 21 N.E.3d 873, 892 (Ind. Ct. App. 2014), *trans. denied*. "When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements." *Wilson*, 770 N.E.2d at 800. The State may meet its burden "by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by simply relying upon the sufficiency of its evidence in chief." *Hood v. State*, 877 N.E.2d 492, 497 (Ind. Ct. App. 2007), *trans. denied*.

[8] Here, the State presented sufficient evidence to demonstrate Smith did not have a reasonable fear of death or great bodily harm. Smith asserts the number of people in the parking lot and the escalating argument with Burnley justify his use of force. However, this argument essentially asks that we assess witness credibility and reweigh the evidence in his favor, which is the role of the fact-finder, not the role of this court. *Wilson*, 770 N.E.2d at 801. Although Smith and Burnley threatened each other, the testimony presented at trial demonstrates Burnley was walking away from the argument and back to the apartment. Moreover, as multiple witnesses testified, Smith was not prohibited or blocked from leaving the parking lot in his car. Instead, Smith chose to

speed up to a rate "you wouldn't use in a parking lot" and drove his car into Burnley as he walked away. Tr., Vol. II at 143. The State presented sufficient evidence to rebut Smith's claim he acted in self-defense.

# Conclusion

[9] The State presented sufficient evidence to support Smith's conviction. Accordingly, we affirm.

[10] Affirmed.

Riley, J., and Pyle, J., concur.