## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 28 2019, 9:09 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Batesville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michelle Coe,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 28, 2019

Court of Appeals Case No.
19A-CR-352

Appeal from the Marion Superior Court

The Honorable Clayton A. Graham, Judge

Trial Court Cause No.
49G07-1806-CM-20747

**Bailey, Judge.**

# Case Summary

[1] Following a bench trial, Michelle Coe ("Coe") was convicted of Battery Resulting in Bodily Injury, a Class A misdemeanor.[1] Coe now appeals, alleging insufficient evidence to negate her claim of self-defense. We affirm.

# Facts and Procedural History

[2] Coe has a daughter with Mark Moore ("Moore"). In April 2018, Coe was at Moore's apartment with their daughter and Coe's son. At some point, Moore's girlfriend, Sharay Dawson ("Dawson") arrived. Dawson and Moore played with the children, then decided to watch a movie. Coe entered the room and asked how long Moore and Dawson had been "talking." Tr. at 7. After no response, Coe inquired: "How long have y'all been talking because he was just over to my house a month ago." *Id.* Moore told Coe to stop lying, at which point Coe threw a disco ball at Moore. At some point thereafter, Coe struck Dawson in the face two times, causing Dawson pain. Coe told her son to retrieve a gun from the car. Dawson grabbed her own gun and called 9-1-1.

[3] The State charged Coe with Battery Resulting in Bodily Injury, a Class A misdemeanor, and a bench trial was held in January 2019. Coe testified, claiming Dawson had approached Coe "aggressively as if she wanted to fight and jump into the fight" between Coe and Moore. *Id.* at 30. Coe claimed she

---

[1] Ind. Code § 35-42-2-1(c)(1), -1(d)(1).

had not hit Dawson more than once, and that striking Dawson was "like a reaction for self-defense." *Id.* at 31. There was also testimony from Dawson, who testified she had not threatened Coe. When the defense asked Dawson if she approached Coe as though trying to fight, Dawson said, "No." *Id.* at 15.

[4] The trial court found Coe guilty, and imposed a sentence of 365 days in jail. The court suspended the sentence and placed Coe on non-reporting probation.

[5] Coe now appeals.

# Discussion and Decision

[6] "[A] person who knowingly or intentionally . . . touches another person in a rude, insolent, or angry manner . . . commits battery, a Class B misdemeanor." I.C. § 35-42-2-1(c). The offense is elevated to a Class A misdemeanor if the person's conduct "results in bodily injury to any other person." I.C. § 35-42-2-1(d)(1). "'Bodily injury' means any impairment of physical condition, including physical pain." I.C. § 35-31.5-2-29.

[7] The State must prove the elements of Battery beyond a reasonable doubt. *See* I.C. § 35-41-4-1. Notably, though, Indiana law provides a complete defense: "A person is justified in using reasonable force against any other person to protect the person . . . from what the person reasonably believes to be the imminent use of unlawful force." I.C. § 35-41-3-2. "A claim of self-defense requires a defendant to have acted without fault, been in a place where he or she had a right to be, and been in reasonable fear or apprehension of bodily harm."

*Henson v. State*, 786 N.E.2d 274, 277 (Ind. 2003). When the defendant claims self-defense, the State must negate—beyond a reasonable doubt—at least one element of the defense. *Wilson v. State*, 770 N.E.2d 799, 800-01 (Ind. 2002).

[8] Here, Coe does not dispute the sufficiency of evidence that her actions—in the absence of self-defense—would amount to liability for Battery. She instead challenges the sufficiency of evidence negating her claim of self-defense. Upon such a challenge, we do not reweigh the evidence or judge the credibility of witnesses. *Id.* at 801. We will reverse "only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt." *Id.*

[9] In asking us to reverse her conviction, Coe focuses on evidence that Dawson aggressively approached Coe. However, Dawson gave a different account, testifying she had not threatened Coe or approached Coe in a threatening manner. We must reject Coe's invitation to reweigh the evidence. In light of Dawson's testimony, a reasonable fact-finder could conclude Coe was not in reasonable apprehension of bodily harm when she struck Dawson. Thus, we conclude there is sufficient evidence negating the claim of self-defense.

[10] Affirmed.

Najam, J., and May, J., concur.