## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Patricia Caress McMath
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher Smith,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 14, 2015

Court of Appeals Case No.
49A04-1504-CR-167

Appeal from the Marion Superior Court.
The Honorable David Hooper, Magistrate.
Cause No. 49F08-1406-CM-27687

**Darden, Senior Judge**

# Statement of the Case

[1] Christopher Smith appeals his conviction of battery resulting in bodily injury, a Class A misdemeanor. Ind. Code § 35-42-2-1(a)(1)(A) (2012). We affirm.

## Issue

Smith raises one issue, which we restate as: whether the State submitted sufficient evidence to disprove beyond a reasonable doubt Smith's claim of self-defense.

## Facts and Procedural History

Andy Watkins lived with his sister and Smith in Indianapolis. On May 17, 2014, Watkins came home from work, and Smith, along with Max Smith (Smith's cousin), Dexter McCann, and William Perry were outside. Watkins went into the house, and Smith, Max, and McCann followed him. Watkins owed McCann some money and went to his room with McCann to retrieve it.

Watkins paid McCann. At that point, Max entered Watkins' room, cursed at Watkins, and argued with him. Smith came into the room to intervene, but he also argued with Watkins. Smith accused Watkins of not paying his fair share of the bills. After further harsh words, Watkins told both Smith and Max to leave his room. Watkins slammed the bedroom door in their faces.

Later on, Watkins left his room and walked toward the front door, where Smith was standing nearby. Smith continued to curse Watkins and said Watkins "was not going to do anything." Tr. p. 8. As Watkins approached the front door, he remembered he left his keys in his room. When Watkins turned around to get his keys, Smith struck him from behind, in the back of the head.

[6] Watkins turned around and confronted Smith. As the two men fought, they struggled into an adjoining room. Max joined them and repeatedly struck Watkins. When Watkins turned to Max, Smith grabbed him from behind. Watkins backed Smith into a window and pushed his head through the glass. Then, as Watkins tried to leave the house, he fell to the floor and Smith got on top of him. Watkins felt pain to his head and noticed that he had blood on his shoulder. Someone pulled Smith off of Watkins, and at that point, Watkins saw that Smith was wearing what Watkins described as brass knuckles on his hand. Smith admitted at trial, "I had no reason to be scared of [Watkins.]" *Id.* at 44. Smith left with Max, McCann, and Perry.

[7] The police were called. Watkins later sought medical attention and needed five stitches on his upper lip. In addition, Smith's sudden attack, from behind, resulted in a bloody abrasion on the back of Watkins' head, and Watkins developed migraines.

[8] The State charged Smith with battery resulting in bodily injury. The case was tried to the bench. At the end of the trial, the court stated:

> I reviewed some case law on self-defense, um, you can't use more force that [sic] reasonable under the circumstances or the right is extinguished. State's Exhibit Five is very compelling to the Court. It's obvious there was a fight and when you look at some of these pictures I can see hitting back and that being okay. I do note that the defendant was wearing a ring that day. There's an allegation of brass knuckles. Whether it was brass knuckles or a right [sic] that inflicted the wound on State's Exhibit—this head wound with blood, um, I find that that was more force that [sic]

reasonably necessary when you look at what happened in this particular fight. So I am entering a judgment of guilty.

[9] *Id.* at 60. The court imposed a one-year suspended sentence, and this appeal followed.

## Discussion and Decision

[10] Smith does not dispute that he battered Watkins and inflicted bodily injury on him. Instead, he argues that the State failed to rebut his claim that he battered Watkins in self-defense.

[11] "A person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force." Ind. Code § 35-41-3-2(c) (2013). "No person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting the person or a third person by reasonable means necessary." *Id.* A person is not justified in using force if "the person provokes unlawful action by another person with intent to cause bodily injury to the other person." Ind. Code § 35-41-3-2(g).

[12] To prevail on a claim of self-defense under Indiana Code section 35-41-3-2, a defendant must have: (1) acted without fault; (2) been in a place where he or she had a right to be; and (3) been in reasonable fear or apprehension of bodily harm. *Weedman v. State*, 21 N.E.3d 873, 891-92 (Ind. Ct. App. 2014), *trans. denied*.

[13]    When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements. *Wilson v. State*, 770 N.E.2d 799, 800 (Ind. 2002). The State may meet this burden by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by simply relying upon the sufficiency of its evidence in chief. *Cole v. State*, 28 N.E.3d 1126, 1137 (Ind. Ct. App. 2015).

[14]    On appeal, the standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim. *Bryant v. State*, 984 N.E.2d 240, 250 (Ind. Ct. App. 2013), *trans. denied*. We do not reweigh the evidence or judge the credibility of the witnesses. *Id.* We consider only the probative evidence and reasonable inferences drawn from the evidence that support the verdict. *Id.* If the defendant is convicted despite a claim of self-defense, this Court will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt. *Wilson*, 770 N.E.2d at 800-01.

[15]    The evidence most favorable to the judgment shows that Smith was the initial aggressor because, from behind, he struck first by hitting Watkins in the back of the head. Smith argues that the trial court concluded as a matter of law that Smith was not the aggressor because the court considered whether Smith used excessive force during the struggle. We do not agree with Smith's interpretation of the court's statement. The court focused on State's Exhibit 5, which showed the bloody abrasion on the back of Watkins' head, and stated that "hitting back," apparently by Watkins, was "okay." Tr. p. 60. This was a

bench trial, and we presume the judge knows the law and considers the evidence properly before the court in reaching a decision. *Hinesley v. State*, 999 N.E.2d 975, 987 (Ind. Ct. App. 2013), *trans. denied*.

[16] Smith also claims, "It is not clear who swung and hit first." Appellant's Br. p. 6. Watkins unequivocally testified that Smith struck first, hitting him from behind in the back of the head. Smith's claim is a request to reweigh the evidence, which our standard of review forbids. The State demonstrated that Smith, from behind, struck first and, having provoked the fight, was not justified in using force. S*ee Cole*, 28 N.E.3d at 1137 (State disproved self-defense beyond a reasonable doubt because defendant instigated the fight and willingly participated).

[17] Alternatively, the State's evidence further disproved Smith's claim of self-defense because Smith conceded on cross-examination that he "had no reason to be scared of [Watkins.]" Tr. p. 44. Furthermore, his cousin, Max was present, and they outnumbered Watkins. Before attacking Watkins, Smith said that Watkins "was not going to do anything." Tr. p. 8. A finder of fact could reasonably conclude beyond a reasonable doubt that Smith did not have any fear or apprehension of bodily harm. *See Cole*, 28 N.E.3d at 1137 (thus, the State further met its burden of rebutting self-defense because defendant admitted that he was not afraid of the victim). The State provided sufficient evidence to rebut Smith's claim of self-defense beyond a reasonable doubt.

# Conclusion

[18]    For the reasons stated above, we affirm the judgment of the trial court.

[19]    Affirmed.

Najam, J., and Altice, J., concur.