## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 08 2016, 8:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Sauntio Carter,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 8, 2016

Court of Appeals Case No.
49A02-1511-CR-1822

Appeal from the Marion Superior Court.
The Honorable Christina R. Klineman, Judge.
Cause No. 49G17-1507-F6-26649

**Barteau, Senior Judge**

# Statement of the Case

[1] Sauntio Carter appeals his conviction of battery resulting in bodily injury, a Class A misdemeanor. Ind. Code § 35-42-2-1 (2014). We affirm.

# Issue

Carter raises one issue, which we restate as: whether the State of Indiana presented sufficient evidence to rebut Carter's claim of self-defense.

# Facts and Procedural History

Kiana Moore and Carter were in a romantic relationship from April 2015 until July 2015. On June 27, 2015, she went to Carter's house after they argued on the phone. They continued to argue outside the house, and Moore went inside to get her laundry. She picked up her laundry basket and prepared to leave, but Carter continued to argue with her. Next, Carter knocked the basket out of Moore's hands and struck her in the face. Carter's punch "busted [her] lip," causing bleeding. Tr. p. 10. Moore defended herself, attempting to prevent Carter from hitting her. After she broke away from Carter, she left the house and contacted the police.

The State charged Carter with strangulation, a Level 6 felony, and battery resulting in bodily injury, a Class A misdemeanor. Carter waived his right to a jury trial. At the bench trial, Moore testified as set forth above. Carter presented a claim of self-defense, claiming Moore attacked him first. After the presentation of evidence, the court concluded: "I don't doubt there was a lot of screaming and yelling but I believe her story." *Id.* at 27. The court determined Carter was not guilty of strangulation but was guilty of battery and sentenced him accordingly. This appeal followed.

# Discussion and Decision

[5] Carter asserts the State failed to present sufficient evidence to disprove his claim of self-defense. When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements. *Wilson v. State*, 770 N.E.2d 799, 800 (Ind. 2002). The State may meet this burden by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by simply relying upon the sufficiency of its evidence in chief. *Cole v. State*, 28 N.E.3d 1126, 1137 (Ind. Ct. App. 2015).

[6] The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim. *Bryant v. State*, 984 N.E.2d 240, 250 (Ind. Ct. App. 2013), *trans. denied*. We do not reweigh the evidence or judge the credibility of the witnesses. *Id.* We consider only the probative evidence and reasonable inferences drawn from the evidence that support the verdict. *Id.* If the defendant is convicted despite a claim of self-defense, this Court will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt. *Wilson*, 770 N.E.2d at 800-01.

[7] "A person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force." Ind. Code § 35-41-3-2(c) (2013). "No person in this state shall be placed in legal jeopardy of any kind whatsoever for

protecting the person or a third person by reasonable means necessary." *Id.* A person is not justified in using force if "the person has entered into combat with another person or is the initial aggressor unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action." Ind. Code § 35-41-3-2(g).

[8] To prevail on a claim of self-defense under Indiana Code section 35-41-3-2, a defendant must have: (1) acted without fault; (2) been in a place where he or she had a right to be; and (3) been in reasonable fear or apprehension of bodily harm. *Weedman v. State*, 21 N.E.3d 873, 891-92 (Ind. Ct. App. 2014), *trans. denied*.

[9] Based on our review of the transcript, the State submitted sufficient evidence to rebut Carter's claim of self-defense. Viewing the facts in the light most favorable to the judgment, Carter attacked Moore first, and she merely blocked his punches. Furthermore, he did not withdraw from the confrontation. To the contrary, he continued to attack Moore until she was able to break away from him and flee. Under these circumstances, Carter was not entitled to use force. *See Cole*, 28 N.E.3d at 1137 (evidence showed defendant was the aggressor and thus was not entitled to use force). Carter's challenge to the sufficiency of the evidence fails.

# Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Mathias, J., and Barnes, J., concur.