## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 30 2016, 8:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Billy Campbell,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 30, 2016

Court of Appeals Case No.
49A02-1601-CR-97

Appeal from the Marion Superior Court.
The Honorable David J. Certo, Judge.
Cause No. 49G12-1508-CM-28989

**Friedlander, Senior Judge**

[1] Billy Campbell appeals his conviction of battery, a Class A misdemeanor.[1] We affirm.

[2] On August 15, 2015, Chelsea Lipe, her husband, and their two young children went to a fair in Marion County. As Lipe drove her family home, she noticed a white van behind her. The van kept attempting to pass Lipe and ultimately succeeded. Lipe honked her horn and yelled at the van. The van stopped abruptly, and Lipe almost collided with it before she stopped her car.

[3] Next, a person later identified as Campbell got out of the driver's seat of the van, and Lipe and her husband got out of their car. Campbell and Lipe walked toward one another, yelling loudly. Lipe was angry, but she did not attempt to hit Campbell. Instead, he punched her in the face, causing her to stumble back, fall to the ground, and bump into the front of her car. Meanwhile, Lipe's husband had retrieved a tire jack from the car's trunk and was walking toward Campbell and Lipe, but he did not get close to the front of the car until Campbell had already punched Lipe and she was on the ground. Lipe lost a tooth and suffered a fractured jaw as a result of the punch.

[4] Meanwhile, Campbell's son exited the van and convinced Campbell to return to his seat. Campbell drove off, but not before Lipe's husband smashed the van's back window with the tire jack. The Lipes followed the van and called

---

[1] Ind. Code § 35-42-2-1 (2014).

the police, directing officers to their location.  The police stopped Campbell and took him into custody.

[5] The State charged Campbell with battery, a Class A misdemeanor.  He was tried to the bench, and the court determined he was guilty as charged.  The court sentenced Campbell accordingly, and this appeal followed.

[6] Campbell raises one issue, which we restate as:  whether the State presented sufficient evidence to rebut Campbell's claim of self-defense.  Self-defense is recognized as a valid justification for an otherwise criminal act.  *Miller v. State*, 720 N.E.2d 696 (Ind. 1999).  "When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements."  *Cole v. State*, 28 N.E.3d 1126, 1137 (Ind. Ct. App. 2015) (quoting *Wilson v. State*, 770 N.E.2d 799, 800 (Ind. 2002)).  The State may meet this burden by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by simply relying upon the sufficiency of its evidence in chief.  *Miller*, 720 N.E.2d 799.

[7] The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim.  *Huls v. State*, 971 N.E.2d 739 (Ind. Ct. App. 2012), *trans. denied*.  We do not reweigh the evidence or judge the credibility of the witnesses.  *Id.*  If the defendant is convicted despite a claim of self-defense, this Court will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt.  *Wilson*, 770 N.E.2d 799.

[8] The statute that governs self-defense provides, in relevant part: "A person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force." Ind. Code § 35-41-3-2(c) (2013). "No person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting the person or a third person by reasonable means necessary." *Id.*

[9] To prevail on a claim of self-defense under Indiana Code section 35-41-3-2, a defendant must have: (1) acted without fault, that is, did not provoke, instigate, or participate willingly in violence; (2) been in a place where he or she had a right to be; and (3) been in reasonable fear of great bodily harm. *Bryant v. State*, 984 N.E.2d 240 (Ind. Ct. App. 2013), *trans. denied*. In addition, a defendant is not justified in using force if the defendant "has entered into combat with another person or is the initial aggressor unless the [defendant] withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action." Ind. Code 35-41-3-2(g).

[10] The trial court accurately described the circumstances here as "a case of road rage that escalated." Tr. p. 51. There is ample evidence that Campbell instigated the violence. He stopped his van so abruptly that Lipe almost collided with it, and he was the first person to exit his vehicle for a face-to-face confrontation. In addition, Campbell hit Lipe. She was angry and yelled at

Campbell but had not attempted to hit him. Lipe's husband had retrieved a tire jack, but he had not yet moved to the front of Lipe's car when Campbell punched Lipe.

[11] Campbell points to his own trial testimony, in which he stated the Lipes were the aggressors because Lipe was swinging her arms at him and her husband was "right behind her swinging a tire jack." Appellant's Br. p. 13. This is a request to reweigh the evidence, which our standard of review forbids. The State presented sufficient evidence that Campbell instigated the violence, thus rebutting his claim of self-defense. *See Cole*, 28 N.E.3d 1126 (affirming battery and strangulation convictions because the victim testified Cole hit him first, even though Cole testified the victim attacked him first).

[12] For the reasons stated above, we affirm the judgment of the trial court.

[13] Judgment affirmed.

Mathias, J., and Barnes, J., concur.