## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 20 2017, 8:02 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Prysock,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | January 20, 2017<br><br>Court of Appeals Case No.<br>49A02-1605-CR-1141<br><br>Appeal from the Marion County<br>Superior Court<br><br>The Honorable David Hooper,<br>Magistrate<br><br>Trial Court Cause No.<br>49G08-1510-CM-37624 |

**May, Judge.**

[1] Michael Prysock appeals his conviction of Class A misdemeanor battery resulting in bodily injury.[1] He argues the State did not present sufficient evidence to rebut his claim of self-defense. We affirm.

## Facts and Procedural History

[2] On October 21, 2015, Prysock was at his mother's home in Indianapolis. His mother's best friend, Brandon Hayworth, entered the home, as he did on a regular basis. Shortly after Hayworth arrived, Prysock "came storming out of [Prysock's] room, hollering and stuff and he just pushed [Hayworth] out of nowhere with force and [Hayworth] went flying across [the] living room." (Tr. at 17.) Hayworth landed on the couch and complained of pain in his back and chest.

[3] Hayworth called the police, who arrived shortly thereafter. Prysock admitted to pushing Hayworth because Hayworth was "meddling in [his] business." (*Id*. at 26.) On October 22, 2015, the State charged Prysock with Class A misdemeanor battery resulting in bodily injury. On May 2, 2016, the trial court held a bench trial during which Prysock claimed he pushed Hayworth in self-defense because Hayworth grabbed Prysock's genitals. The trial court found Prysock guilty as charged.

---

[1] Ind. Code § 35-42-2-1(d) (2014).

# Discussion and Decision

[4]  Our review of whether the State presented sufficient evidence to rebut a claim of self-defense is the same as that of any sufficiency of evidence claim. *Miller v. State*, 720 N.E.2d 696, 699 (Ind. 1999). We will not "reweigh the evidence or assess the credibility of witnesses but look solely to the evidence most favorable to the judgment with all reasonable inferences to be drawn therefrom." *Id.* "We will affirm a conviction where such evidence and reasonable inferences constitute substantial evidence of probative value sufficient to support the judgment." *Id.*

[5]  Class A misdemeanor battery resulting in bodily injury occurs when a person "knowingly or intentionally touches another person in a rude, insolent, or angry manner" and that touching "results in bodily injury to any other person." Ind. Code § 35-42-2-1(c)-(d) (2014). "A person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force." Ind. Code § 35-41-3-2(c) (2013). To prevail on a claim of self-defense, Prysock had to show he: (1) was where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *See Brand v. State*, 766 N.E.2d 772, 777 (Ind. Ct. App. 2002) (requirements of a self-defense claim), *reh'g denied, trans. denied*. The State has the burden of rebutting a claim of self-defense, and to do so, it must negate at least one of the three elements of self-defense. *Id.*

[6] Prysock admits he pushed Hayworth, but argues he did so in self-defense. Prysock testified Hayworth "grabbed [him] in [his] private area," (Tr. at 31), and he pushed Hayworth in the chest "[b]ecause [Hayworth] grabbed [him.]" (*Id*. at 32.) However, Hayworth testified Prysock "came storming out of [Prysock's] room, hollering and stuff and he just pushed [Hayworth] out of nowhere with force and [Hayworth] went flying across [the] living room." (*Id*. at 17.) Additionally, the responding officer, Lieutenant Scott Evans, testified that on the scene Prysock admitted to pushing Hayworth because Hayworth "was meddling in [his] business." (*Id*. at 26.) Prysock's argument is an invitation for us to reweigh the evidence and judge the credibility of witnesses, which we cannot do. *See Miller*, 720 N.E.2d at 699 (appellate court does not reweigh evidence or judge the credibility of witnesses). The trial court was not required to believe Prysock's testimony, and the testimony from Hayworth was sufficient to disprove Prysock's claim of self-defense. *See*, *e.g.*, *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002) (conflicting evidence about whether defendant was provoked permitted trier-of-fact to reject defendant's claim of self-defense).

# Conclusion

[7] Prysock asks us to reweigh the evidence and judge the credibility of witnesses, which we cannot do. The State presented sufficient evidence Prysock was not acting in self-defense when he committed Class A misdemeanor battery resulting in bodily injury. We affirm.

[8] Affirmed.

Najam, J., and Bailey, J., concur.