## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 30 2017, 8:46 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Philip R. Skodinski
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Leonard Blackmon, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | January 30, 2017 <br><br> Court of Appeals Case No. <br> 71A04-1606-CR-1483 <br><br> Appeal from the St. Joseph Superior Court <br><br> The Honorable Jeffrey L. Sanford, Judge <br><br> Trial Court Cause No. <br> 71D03-1511-F5-248 |

**Mathias, Judge.**

[1]     Leonard Blackmon ("Blackmon") was convicted in St. Joseph Superior Court of Level 5 felony attempted battery and Class B misdemeanor criminal

mischief. Blackmon appeals his attempted battery conviction and argues that the State failed to rebut his claim of self-defense.

[2] We affirm.

## Facts and Procedural History

[3] On November 15, 2015, before 10:00 p.m., Blackmon arrived at Vickie's Bar in South Bend, Indiana. Blackmon's behavior seemed odd to employee Sativa Becker ("Sativa"), and she continued to watch Blackmon while he was in the bar. Eventually, Sativa approached Blackmon and asked if she could help him. Blackmon jumped away from Sativa and yelled, "stay away from me." Tr. p. 32. Blackmon walked toward the door to the bar and Sativa told him "it was probably time to go." *Id.*

[4] Sativa's husband, Larry Becker ("Larry"), who was playing pool at the bar, heard Sativa tell Blackmon to leave. Larry also asked Blackmon to leave and began to walk towards Blackmon to prevent him from coming further into the bar.

[5] Blackmon was irate and continued to yell, "stay away from me," and removed a knife from his jacket. *Id.* Blackmon lunged toward Larry and quickly swung the knife at Larry's abdomen. The two men were standing approximately four feet apart. When Blackmon returned the knife to his side, Larry pushed Blackmon out the door and locked it. Blackmon then struck the glass in the front door with his knife causing the glass to crack. Blackmon left the scene but was later apprehended and arrested.

[6] The State charged Blackmon with Level 5 attempted battery with a deadly weapon and Class B misdemeanor criminal mischief. A jury trial commenced on May 9, 2016. Blackmon testified in his own defense and argued that he only pulled out his knife because he feared for his safety. He admitted that he caused the damage to the bar's door.

[7] Blackmon was found guilty as charged. His sentencing hearing was held on June 8, 2016. He was ordered to serve an aggregate six-year sentence for his convictions. Blackmon now appeals his attempted battery conviction.

## Discussion and Decision

[8] Blackmon argues that the State failed to rebut his claim that he acted in self-defense at Vickie's Bar on November 15, 2015. The standard for reviewing a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same standard used for any claim of insufficient evidence. *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002). We neither reweigh the evidence nor judge the credibility of witnesses. *Id*. If there is sufficient evidence of probative value to support the conclusion of the trier of fact, the judgment will not be disturbed. *Id*.

[9] To prevail on his self-defense claim, Blackmon had to prove that he: (1) was in a place where he had a right to be; (2) acted without fault; and (3) was in reasonable fear or apprehension of bodily harm. *Henson v. State*, 786 N.E.2d 274, 277 (Ind. 2003); *see also* Ind. Code. § 35-41-3-2. A person who provokes, instigates, or participates willingly in the violence does not act without fault for

the purposes of self-defense. *Shoultz v. State*, 995 N.E.2d 647, 660 (Ind. Ct. App. 2013), *trans. denied*.

[10] When self-defense is raised and finds support in the evidence, the State bears the burden of negating at least one of the necessary elements. *Wilson*, 770 N.E.2d at 800. The State may meet its burden by offering evidence directly rebutting the defense, by affirmatively showing that the defendant did not act in self-defense, or by relying on the sufficiency of the evidence from its case-in-chief. *Miller v. State*, 720 N.E.2d 696, 700 (Ind. 1999). If a defendant is convicted despite his self-defense claim, we will reverse only if no reasonable person could say that self-defense was negated beyond a reasonable doubt. *Wilson*, 770 N.E.2d at 801.

[11] Blackmon relies on his testimony to argue that the State failed to rebut his claim of self-defense. However, Sativa's and Larry's testimony, which conflicted with Blackmon's, established that Sativa asked Blackmon to leave Vickie's Bar. Larry moved toward Blackmon to prevent him from moving further into the bar and told him to leave. Blackmon was moving toward the door, but suddenly pulled out a knife, lunged at Larry, and swung the knife at Larry's abdomen.

[12] Blackmon acted aggressively, and the jury was free to discredit Blackmon's testimony that he feared for his own safety, especially because neither Sativa nor Larry was armed. For these reasons, we conclude that the State presented sufficient evidence to rebut Blackmon's claim of self-defense. We therefore affirm his conviction for Level 5 felony attempted battery.

Affirmed.

Baker, J., and Pyle, J., concur.