## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 13 2017, 6:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mark Carter,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 13, 2017

Court of Appeals Case No.
49A04-1707-CR-1543

Appeal from the Marion Superior Court

The Honorable Patrick Murphy, Magistrate

Trial Court Cause No.
49G16-1612-F6-46917

**Baker, Judge.**

Mark Carter appeals his convictions for Class A Misdemeanor Battery[1] and Class A Misdemeanor Domestic Battery,[2] arguing that the evidence is insufficient. Finding the evidence sufficient, we affirm.

## Facts

In November 2016, Carter and Kimberly Brown had been dating on and off for approximately two years and had lived together in Indianapolis for four or five months. Brown had a key to the house and had mail delivered to that address. Although she did not pay rent, she engaged in drug deals for Carter, both delivering drugs and collecting payment on his behalf.

On November 22, 2016, Brown returned to the house after delivering drugs for Carter. She found Carter in the bedroom; he became angry because Brown "was a little short on the drugs[.]" Tr. p. 20. Carter got "very, very upset" and insisted that Brown either sit on the bed or in a nearby chair. *Id.* at 13. Brown got onto the bed and made a comment to Carter, angering him and leading to him punching her in the back of her head, causing pain and swelling. He then began choking her and threatened to choke her with a belt and to hit her with a hammer. Brown attempted to leave the house but Carter tried to keep her there, pulling her back inside the house as she tried to exit.

---

[1] Ind. Code § 35-42-2-1.

[2] I.C. § 35-42-2-1.3.

[4] Around this time, Indianapolis Police Officer Marlon Minor was dispatched to the domestic disturbance. When he arrived, he saw Carter and Brown screaming at each other and observed red marks on Brown's chest, a scratch on Brown's right arm, and a bruise on the back of one of her arms; he also noticed that her hand was bleeding. Photographs of Brown show blood on her lip and hand, scratches on her neck and hand, and a bruise on her arm. Officer Minor observed no visible injuries to Carter.

[5] On December 7, 2016, the State charged Carter with Level 6 felony intimidation, Class A misdemeanor battery, and Class A misdemeanor domestic battery. At Carter's bench trial, which took place on March 20 and April 10, 2017, Carter claimed that he acted in self-defense during the altercation. At the close of the trial, the trial court found him not guilty of intimidation and guilty of battery and domestic battery. On April 10, 2017, the trial court sentenced Carter to concurrent one-year terms for each conviction, fully suspended to probation. Carter now appeals.

## Discussion and Decision

[6] Carter argues that the evidence does not support his convictions for Class A misdemeanor battery or Class A misdemeanor domestic battery. When reviewing a claim of insufficient evidence, we will consider only the evidence and reasonable inferences that support the conviction. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). We will affirm if, based on the evidence and inferences, a

reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009).

[7] To convict Carter of Class A misdemeanor battery, the State was required to prove beyond a reasonable doubt that he touched Brown in a rude, insolent, or angry manner, resulting in bodily injury. I.C. § 35-42-2-1.

[8] Carter's sole argument with respect to his battery conviction is that the State failed to rebut his claim of self-defense. To raise a successful self-defense claim, a defendant must show that he (1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm or had a reasonable belief that force is necessary to prevent or terminate an unlawful entry of or attack on his dwelling, curtilage, or occupied motor vehicle. Ind. Code § 35-41-3-2(d); *Wilson v. State*, 770 N.E.2d 799, 800 (Ind. 2002). When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements. *Wilson*, 770 N.E.2d at 800. If a defendant is convicted despite a claim of self-defense, we will reverse only if no reasonable person could say that the State negated self-defense beyond a reasonable doubt. *Id.* at 800-01.

[9] Carter directs our attention to his testimony, in which he stated that Brown did not live in his home, that he wanted her to leave his home but she refused, and that she attacked him first. Brown, however, testified that Carter was the initial aggressor, punching her in the head and giving her "a big ole' knot on the back

of [her] head . . ." Tr. p. 13-14, 24. Carter then choked Brown and tried to prevent her from leaving the house. Brown's testimony was corroborated by Officer Minor's observations at the scene as well as photographs of the injuries she sustained. This evidence is sufficient both to rebut Carter's claim of self-defense and to support the Class A misdemeanor battery conviction. *See, e.g.*, *Tharpe v. State*, 955 N.E.2d 836, 844-45 (Ind. Ct. App. 2011) (holding that an initial aggressor cannot claim self-defense unless he withdrew from the encounter and communicated his intent to do so to the other person). Carter's claims to the contrary are simply a request that we reweigh the evidence, which we decline to do.

[10] To convict Carter of Class A misdemeanor domestic battery, the State was required to prove that Brown was his family or household member and that he touched her in a rude, insolent, or angry manner. I.C. § 35-42-2-1.3. Carter argues that the evidence does not establish that Brown is his family or household member. "Family or household member" includes people who are "dating or [have] dated" and people who are or were "engaged in a sexual relationship[.]" Ind. Code § 35-31.5-2-128(a). Carter himself testified that he and Brown were engaged in a sexual relationship. Tr. p. 56; *see also* Appellant's Br. p. 11 (noting that Carter's relationship with Brown "was one of drugs and sex"). Additionally, Brown testified that they had been dating for two years and were engaged in a sexual relationship. Tr. p. 12-13, 21. This evidence is sufficient to support the trial court's conclusion that Brown is Carter's family or

household member and, consequently, to support Carter's Class A misdemeanor domestic battery conviction.

[11] The judgment of the trial court is affirmed.

Riley, J., and Brown, J., concur.