## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 26 2018, 8:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Troy D. Warner
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brock Jerel Perry,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 26, 2018

Court of Appeals Case No.
71A03-1711-CR-2752

Appeal from the St. Joseph Superior Court.
The Honorable Julie Verheye, Magistrate.
Trial Court Cause No.
71D05-1701-CM-484

**Sharpnack, Senior Judge**

# Statement of the Case

[1] Brock Jerel Perry appeals from his conviction of Class B misdemeanor battery,[1] contending that the State presented insufficient evidence to negate his claim of self defense. We affirm.

# Issue

[2] We restate the issue presented by this appeal as follows: whether the State presented sufficient evidence to negate Perry's claim of self defense.

# Facts and Procedural History

[3] On December 28, 2016, Racquel Jenkins asked her boyfriend, Willie Evins, to bring some food to her house and relax for the evening after he finished working at his catering job. Evins pulled his truck into Jenkins' driveway and noticed that the vehicle of Jenkins' former boyfriend, Perry, was parked in the driveway. Perry was the father of two of Jenkins' four children and came to her house at various times to visit them. At Evins' request, Jenkins came outside to discuss the situation. After their discussion, Evins decided to leave and come back later.

[4] Twenty minutes later, Jenkins called Evins to tell him that Perry had left and to ask Evins to return to her home. Evins returned to Jenkins' home and when he pulled his truck into her driveway, Perry pulled his vehicle in behind him,

---

[1] Ind. Code § 35-42-2-1(c) (2016).

blocking his truck in the driveway. Evins testified that he told Jenkins, "I don't do drama. I am just going to leave the food and you can have it, whatever. I don't care." Tr. Vol. II, p. 11.

[5] At that point Perry exited his own vehicle and started "talking crazy" to Evins. *Id.* at 12. Perry also acted as if he had a gun in his jacket pocket. Evins tried to get back in his truck. Perry, however, whose hand remained in his pocket, "snatched the door open." *Id.* at 13. Evins thought that Perry was going to shoot him. Evins saw his mother's cane in the passenger's seat area of his truck, grabbed the cane and thrust it toward Perry, attempting to protect himself. Perry slammed the door on Evins' foot multiple times as Evins struggled to remove his foot from the running board of his truck and to close the door.

[6] Neighbors called the police. Evins suffered a broken foot from Perry's attack on him and needed surgery to repair his injuries.

[7] On January 27, 2017, the State charged Perry with one count of Class B misdemeanor battery and one count of Class B misdemeanor disorderly conduct. Perry's bench trial was held on November 9, 2017, after which the trial court found him guilty of Class B misdemeanor battery, but found him not guilty of disorderly conduct due to double jeopardy concerns. Perry was sentenced to thirty days suspended and one hundred eighty days on probation and was ordered to pay restitution in the amount $1,433.82.

# Discussion and Decision

[8]     To establish that Perry committed battery as a Class B misdemeanor, the State was required to prove beyond a reasonable doubt that Perry, knowingly or intentionally, touched Evins in a rude, insolent, or angry manner. Ind. Code § 35-42-2-1. The facts are sufficient to support Perry's conviction.

[9]     Perry's challenge on appeal is that the State failed to negate his claim of self defense. A claim of self defense can serve as a legal justification for an otherwise criminal act. *Burnside v. State,* 858 N.E.2d 232, 239 (Ind. Ct. App. 2006). Indiana Code section 35-41-3-2 (2013) provides that a person may use reasonable force against another to protect himself from what he reasonably believes to be the imminent use of unlawful force.

[10]    To prevail on a claim of self defense, a defendant must show: (1) he was in a place where he had a right to be; (2) he did not provoke, instigate, or participate willingly in the violence; and (3) he had a reasonable fear of death or great bodily harm. *Wilson v. State*, 770 N.E.2d 799, 800 (Ind. 2002). Once self defense has been raised, the State must negate at least one of the necessary elements either by rebutting the evidence directly with an affirmative showing the defendant did not act in self defense, or by simply relying on the evidence in its main case. *Cole v. State*, 28 N.E.3d 1126, 1137 (Ind. Ct. App. 2015).

[11]    When reviewing a challenge to the sufficiency of the evidence to rebut a claim of self defense, we use the same standard as for any claim of insufficient evidence. *Id.* at 1136-37. We neither reweigh the evidence nor judge the

credibility of the witnesses; rather, we look solely to the evidence most favorable to the judgment with all reasonable inferences to be drawn therefrom. *Miller v. State*, 720 N.E.2d 696, 699 (Ind. 1999). If there is sufficient evidence of probative value to support the conclusion of the trier of fact, the verdict will not be disturbed. *Cole*, 28 N.E.3d at 1137. Where a claim of self defense has been rejected by the finder of fact, the resulting conviction will be reversed only if no reasonable person could say that self defense was negated by the State beyond a reasonable doubt. *Wilson*, 770 N.E.2d at 800-01.

[12]  Here, the State established that Perry instigated the altercation causing Evins' injuries. Evins left when he observed Perry's vehicle in Jenkins' driveway. He returned later only after Jenkins had informed him that Perry had left. After Evins returned, Perry blocked Evins' truck in the driveway and confronted him, "talking crazy," and pretending to have a weapon in his pocket, making "pistol play movements." Tr. Vol. II, p. 12. The State sufficiently established that Perry instigated the altercation and was a willing participant, thus negating his claim of self defense.

[13]  Additionally, a valid claim of self defense requires that the force a person uses must be proportionate to the requirements of the situation. *Weedman v. State*, 21 N.E.3d 873, 892 (Ind. Ct. App. 2014), *trans. denied*. The claim will fail if the person uses force that is disproportionate to that necessary under the circumstances. *Id.* Here, Perry not only instigated and willingly participated in the altercation, he responded to a poke from a cane after his instigation by

repeatedly slamming Evins' foot with the door of Evins' truck, causing Evins' foot to break. There was sufficient evidence to rebut the claim of self defense.

## Conclusion

[14]    In light of the foregoing, we affirm Perry's conviction.

[15]    Affirmed.


Barnes, J., and Altice, J., concur.