## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 31 2018, 10:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Peter D. Todd
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kawani Dukes,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

July 31, 2018

Court of Appeals Case No.
18A-CR-601

Appeal from the Elkhart Superior Court

The Honorable David T. Ready, Senior Judge

Trial Court Cause No.
20D01-1604-F3-15

**Bailey, Judge.**

# Case Summary

Kawani Dukes ("Dukes") appeals his conviction, following a jury trial, of aggravated battery, as a Level 3 felony.[1] He raises one issue on appeal, namely, whether the trial court abused its discretion when it refused to instruct the jury on self-defense.

We affirm.

# Facts and Procedural History

The facts favorable to the judgment are as follows. On August 22, 2016, Leslie Allen Watkins ("Watkins") purchased half a gallon of vodka and went to Duke's apartment in Goshen. At approximately 3:00 p.m., Watkins and Dukes began drinking vodka at Dukes's apartment. At one point, Watkins passed out for about fifteen minutes.

At approximately 6:30 p.m. that same evening, Goshen Police Department ("GPD") officers arrived at Dukes's apartment to serve a warrant on a female. The officers made contact with Dukes and noticed that he was intoxicated in that he was slurring his speech, had red glossy eyes, and smelled of alcohol. The officers also saw Watkins in Dukes's apartment. Watkins "was slouched in a chair" and appeared to be passed out. Tr. Vol. III at 69. While officers were

---

[1] Ind. Code § 35-42-2-1.5.

present, Dukes was belligerent and yelled at the female, calling her a "bitch" and other names. *Id.* at 71.

[5] After the police left and Watkins awoke, Watkins began drinking again. Then Dukes came toward Watkins "with a blank look on his face," pushed Watkins to the ground, and began to choke Watkins. Tr. Vol. IV at 87. Watkins kneed Dukes in the back, momentarily repelling his attack and allowing Watkins to run out the apartment door. Dukes however dragged Watkins back into the apartment.

[6] Later that day, GPD officers responded to a report of a male staggering and falling down on a roadway. Upon arriving at the scene, officers found Watkins sitting on the curb of a road and bleeding. Watkins was taken to the hospital, where it was discovered that he had a limited ability to breathe, lacerations on his scalp, two collapsed lungs, seven broken ribs, and a broken jaw. Watkins remained hospitalized for three weeks.

[7] After Watkins was taken to the hospital, GDP officers tracked his footprints in the snow from the curb where they had found him, back to Dukes's apartment. When Dukes answered the door, officers noticed he had an injury on the knuckle of his right hand, with fresh blood on it. Officer Jeremy Welker ("Officer Welker") was wearing a lapel camera that recorded part of his conversation with Dukes at the apartment. Dukes appeared to be intoxicated— his speech was slurred and he swayed while talking to police. Dukes informed the police that Watkins had refused to leave when Dukes asked him to do so, so

Dukes pushed Watkins out of the apartment into the hallway. State's Ex. 100 at 3:50. Dukes stated that Watkins hit him first and he then threw Watkins to the ground. *Id*. at 3:25. Dukes admitted to the officers that he had struck Watkins three times in the face. Tr. Vol. III at 239.

[8] On February 16, 2016, the State charged Dukes with aggravated battery. Dukes's jury trial took place on January 30, 2018. At trial, the recording from Officer Welker's lapel camera was admitted into evidence without objection, and was published to the jury. State's Ex. 100. After both parties rested, but before closing arguments, Dukes requested that the court give the jury an instruction on self-defense, which stated as follows:

> A person may use reasonable force against another person to protect himself from what the Defendant reasonably believes to be the imminent use of unlawful force. A person is justified in using deadly force, and does not have a duty to retreat, only if he reasonably believes that deadly force is necessary to prevent serious bodily injury to himself. The State has the burden of proving beyond a reasonable doubt that the Defendant did not act in self-defense. Indiana Pattern Jury Instruction Criminal No. 10.0300.

App. Vol. II at 33. The State objected to this instruction on the basis of *Howard v. State*, 755 N.E.2d 242 (Ind. Ct. App. 2001), arguing that "there's been no testimony or evidence elicited from the Defendant that he was in any fear, much less … fear of death or great bodily harm." Tr. Vol. IV at 145-46. The trial court denied Defendant's request to include a self-defense instruction, holding:

[T]he Court agrees with the State's position and their analysis of the thing. The court would also point out that while the only evidence to support a self-defense is Defendant's apparent statement to a police officer that he was struck by the victim, by Leslie Watkins. However, they also—we would note here that Mr. Watkins testified and is not negated in any way that once this fracas started, that he was able to get out of the apartment, either on the landing or the steps, I don't recall, but out of the apartment itself and that the Defendant, Kawani Dukes, drug him back into the apartment. That—Court feels that that evidence is sufficient to certainly negate any suggestion of self-defense, yet alone be substantial evidence. Therefore, the Court does not find there is sufficient evidence to submit the self-defense instruction and declines to do so.

(Tr. Vol. IV 147-48). Dukes now appeals.

# Discussion and Decision

[9] Dukes challenges the trial court's refusal to give his proposed instruction on self-defense. The manner of instructing the jury is within the discretion of the trial court, and we will reverse only for abuse of that discretion. *E.g.*, *Henson v. State*, 786 N.E.2d 274, 277 (Ind. 2003).

> In determining whether a trial court abused its discretion by declining to give a tendered instruction, we consider the following: (1) whether the tendered instruction correctly states the law; (2) whether there was evidence presented at trial to support giving the instruction; and (3) whether the substance of the instruction was covered by other instructions that were given.

*Lampkins v. State*, 778 N.E.2d 1248, 1253 (Ind. 2002) (citation omitted). Here, there is no contention that the proposed self-defense instruction incorrectly stated the law, nor is there a contention that the instruction was covered by other instructions that were given. Rather, the only issue in this case is whether the trial court erred in holding that there was insufficient evidence presented at trial to support giving the self-defense instruction.

[10] A valid claim of self-defense is a legal justification for an act that is otherwise defined as "criminal." I.C. § 35-41-3-2;[2] *see also*, *Henson*, 786 N.E.2d at 277. Initially, the burden is on the defendant to provide evidence that: (1) he was in a place where he had a right to be; (2) he acted without fault; and (3) he had a reasonable fear of "the imminent use of unlawful force." *Dixson v. State*, 22 N.E.3d 836, 839 (Ind. Ct. App. 2014) (noting that, in cases that do not involve deadly force, the defendant does not have to provide evidence of fear of "death or serious bodily harm," but merely reasonable fear of the "imminent use of unlawful force"), *trans. denied*.

[11] After the defendant has provided evidence of those three factors, the burden switches to the State to negate one of those factors. *E.g.*, *Wilson v. State*, 770 N.E.2d 799, 800 (Ind. 2002). If the defendant presents even a "scintilla of evidence" of probative value—and even if that evidence is "weak and

---

[2] "A person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force." I.C. § 35-41-3-2(c).

inconsistent" and is based solely on the defendant's own testimony—the trial court should give the instruction unless the State has disproved one of the three factors. *Howard v. State*, 755 N.E.2d 242, 247-48 (Ind. Ct. App. 2001), *trans. denied*. However, "[t]he amount of force that a person may use to protect himself or herself depends on the urgency of the situation." *Mateo v. State*, 981 N.E.2d 59, 72 (Ind. Ct. App. 2012) (citation omitted), *trans. denied*. If an individual uses more force than is reasonably necessary under the circumstances, his self-defense claim will fail. *Id*. In addition, a "mutual combatant, whether or not the initial aggressor, must communicate the desire to stop fighting, and the other individual must continue fighting before self-defense can be successfully claimed." *Id*. (citing I.C. § 35-41-3-2(e)(3)).

[12] Here, as in *Howard v. State*, the defendant has failed to carry his burden because he provided no evidence at all that he was ever in fear of the use of unlawful force. 755 N.E.2d at 248. Moreover, even assuming that Watkins hit Dukes first, the evidence indicates that Dukes used much greater force than was reasonably necessary; that is, in response to being "hit," Dukes broke seven of Watkins's ribs, broke Watkins's jaw, and used force strong enough to collapse Watkins's lungs and require his hospitalization for three weeks. State's Ex. 100 at 3:25. Furthermore, there is no evidence that Dukes ever communicated a desire to stop fighting with Watkins but Watkins nevertheless continued to fight. Therefore, the trial court did not abuse its discretion when it refused to give the jury an instruction on self-defense. *Howard*, 755 N.E.2d at 248; *Mateo*, 981 N.E.2d at 72.

[13]    Affirmed.

Mathias, J., and Bradford, J., concur.