## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 19 2019, 10:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sean P. Hilgendorf
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Carl Lee Brookerd, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 19, 2019 <br><br> Court of Appeals Case No. 18A-CR-3057 <br><br> Appeal from the St. Joseph Superior Court <br><br> The Honorable Elizabeth C. Hurley, Judge <br><br> Trial Court Cause No. 71D08-1708-F3-51 |

**Pyle, Judge.**

# Statement of the Case

Carl Brookerd ("Brookerd") appeals his convictions, following a jury trial, for Level 3 felony aggravated battery[1] and Level 5 felony battery by means of a deadly weapon.[2] Brookerd argues that there was insufficient evidence to rebut his self-defense claim. Concluding that there was sufficient evidence, we affirm his convictions.

We affirm.

# Issue

> Whether there was sufficient evidence to rebut Brookerd's self-defense claim.

# Facts

On August 2, 2017, Teejay Conley ("Conley") was living with his mother, Tammy Brookerd ("Tammy"), his thirteen-year-old brother ("brother"), and his step-father, Brookerd, in South Bend. At Tammy's request, Conley checked several things on her vehicle that she thought did not seem right. After checking the vehicle, Conley entered the house and asked Tammy whether she would consider trading her vehicle in to get a new one due to the amount of traveling she did for work. Brookerd, who was laying on the couch, interjected

---

[1] IND. CODE § 35-42-2-1.5.

[2] I.C. § 35-42-2-1.

in the conversation and told Conley "that is my F'ing car. Get the F out of my house or I am going to F'ing shoot you." (Tr. Vol. 2 at 44). A verbal altercation ensued, and Brookerd stood up from the couch and grabbed his loaded .40 caliber handgun from a nearby coffee table.

[4] After seeing Brookerd grab his handgun, Conley quickly ushered his brother out of the house. Conley then drew his mother's attention to Brookerd, and she searched for her phone to call 9-1-1. Conley approached Brookerd and Brookerd either "pushed [Conley] or punched [Conley]." (Tr. Vol. 2 at 26). Conley tackled Brookerd to the couch, and the two struggled over the handgun.

[5] During the struggle, Conley thought he heard his brother re-enter the house. When Conley turned around to look for his brother, Brookerd hit him in the head with the handgun, causing a cut. Conley disengaged from the fight and began to walk away from Brookerd. Brookerd then fired a single round that entered Conley's left hand near his ring finger, exited near his thumb, and lodged into the ceiling of the house.

[6] On August 9, 2017, the State charged Brookerd with Level 3 felony aggravated battery and Level 5 felony battery by means of a deadly weapon. The case proceeded to a jury trial on September 11, 2018. Conley, Tammy, and brother all testified to the facts above. The jury was also presented with the testimony of Russell Lupica ("Officer Lupica"), the responding crime scene technician and officer with the South Bend Police Department. He testified about the physical characteristics of the crime scene and injuries to Conley. Officer

Lupica concluded that based upon his training and experience, Conley's wound lacked the characteristics consistent with a very close contact wound. Officer Lupica also testified that he did not observe any redness, swelling, bruising, or injuries to Brookerd.

[7] Brookerd testified on his own behalf. He alleged that he shot Conley in self-defense after Conley attacked him and stated that he was going to kill him. Brookerd testified that when he fired the gun, Conley had "[o]ne hand on my neck. One hand struggling with the gun." (Tr. Vol. 3 at 103). On cross-examination, Brookerd admitted that he did not tell the responding law enforcement officers that Conley threatened to kill him or made any verbal threats.

[8] The jury found Brookerd guilty as charged. At a subsequent sentencing hearing, the trial court merged Brookerd's battery with a deadly weapon conviction into his aggravated battery conviction. He was sentenced to nine (9) years in the Department of Correction, which was suspended to probation. Brookerd was ordered to serve four years of his probation on home detention. He now appeals.

## Decision[3]

---

[3] The "Statement of the Facts" section of Brookerd's brief contains three sentences, which scantily describe the facts of this case. Instead, the "Argument" section of the brief contains a detailed recitation of relevant facts and testimony. We direct Brookerd's counsel to Indiana Appellate Rule 46(A), which states in pertinent part that the "Facts" section "shall describe the facts relevant to the issues presented for review," and that the

[9]     Brookerd contends that the State failed to provide sufficient evidence to rebut his self-defense claim. Our standard of review for sufficiency of evidence claims is well-settled. We do not assess the credibility of the witnesses or reweigh the evidence in determining whether the evidence is sufficient. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We consider only the probative evidence and reasonable inferences supporting the verdict. *Id*. Reversal is appropriate only when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*. The evidence is not required to overcome every reasonable hypothesis of innocence and is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id*. at 147.

[10]     A valid claim of self-defense is a legal justification for an otherwise criminal act. *Wallace v. State*, 725 N.E.2d 837, 840 (Ind. 2000). "A person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force." IND. CODE § 35-41-3-2(c). However, a person is not justified in using force if the person has "entered into combat with another person or is the initial aggressor unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action." I.C. § 35-41-3-2(g)(3).

---

"Argument" section "shall contain the appellant's contentions why the trial court … committed reversible error[,]" and instruct him to comply with this rule in future briefs.

[11]   In order to prevail on a claim of self-defense, a defendant must show:  (1) he was in a place where he had a right to be; (2) he acted without fault; and (3) he had a reasonable fear of death or great bodily harm.  *Coleman v. State*, 946 N.E.2d 1160, 1165 (Ind. 2011).  To sustain a defendant's conviction, the State must negate at least one of the elements of the self-defense claim.  *Wallace*, 725 N.E.2d at 840.  The State may meet its burden by rebutting the defense directly, by affirmatively showing that the defendant did not act in self-defense, or by simply relying upon the sufficiency of the State's evidence in chief.  *Hood v. State*, 877 N.E.2d 492, 497 (Ind. Ct. App. 2007), *trans. denied*.  Whether the State has met its burden is a question of fact for the factfinder.  *Id*.  This Court will affirm if there is sufficient evidence of probative value to support the conclusion of the trier of fact.  *Wallace*, 725 N.E.2d at 840.  If the defendant is convicted despite his claim of self-defense, this Court will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt.  *Wilson v. State*, 770 N.E.2d 799, 800-01 (Ind. 2002).  The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim.  *Id*. at 801.  We neither reweigh the evidence nor judge the credibility of witnesses.  *Id*.  If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed.  *Id*.

[12]   Brookerd argues that the evidence at trial supports his contention that he acted in self-defense.  We disagree.  Our review of the record reveals that Brookerd interrupted a conversation Conley was having with his mother.  Unprovoked,

Brookerd then threatened to shoot Conley if he did not leave the house. A verbal altercation ensued and Brookerd grabbed his handgun. After Brookerd either "pushed [Conley] or punched [Conley][,]" a brief physical altercation took place on the couch, during which Brookerd struck Conley in the head with the handgun. (Tr. Vol. 2 at 26). Both Tammy and Conley testified that Conley disengaged from the altercation and was walking away when Brookerd shot Conley in the hand. Furthermore, Officer Lupica testified that the Conley's wound lacked the characteristics consistent with a very close wound, which is at odds with Brookerd's testimony that Conley had "[o]ne hand on [his] neck. One hand struggling with the gun[]" when he shot Conley. (Tr. Vol. 3 at 103). Thus, the State met its burden of rebutting Brookerd's claim of self-defense by showing that he did not act without fault.

[13] Brookerd's argument that the evidence at trial shows that he justifiably acted in self-defense when he shot Conley is nothing more than an invitation to reweigh the evidence and judge the credibility of the witnesses, which we will not do. *See Drane*, 867 N.E.2d at 146. Because there was probative evidence from which the trier of fact could have found that the State rebutted Brookerd's self-defense claim beyond a reasonable doubt, we affirm his convictions.

[14] Affirmed.

Riley, J., and Bailey, J., concur.